In the Matter of the BOARD OF COMMISSIONERS OF CALDWELL COUNTY, to wit, E. M. DUDLEY, Chairman; EARL LAND; W. L. TYSINGER, JR.; E. C. McCALL; FLOYD C. WILSON

No. 6925SC45

(Filed 28 May 1969)

**Contempt of Court § 5— proceedings — order to show cause — sufficiency of notice**

Order adjudicating county commissioners in contempt for failure to provide adequate office space for the clerk of superior court must be set

aside for lack of notice where the subpœnæs directing the commissioners to appear in court did not advise them they were to appear and show cause why they should not be held in contempt for failure to supply adequate office space, but instead merely directed them to appear for the purpose of giving evidence on behalf of the State in what appeared from the subpœnæs to be a criminal action against each of the commissioners, and no such criminal action was pending.

APPEAL by County Commissioners from *Falls, J.*, 19 August 1968 Session, CALDWELL Superior Court.

Beginning in August 1965 the grand jury reported the office space of the Clerk of Superior Court to be deficient in several respects. Reports of similar import were submitted December 1965, February 1966, May 1966, August 1966, December 1966, February 1967, May 1967, August 1967, December 1967, February 1968, and May 1968.

In February 1968, Judge Falls discussed with the Chairman of the Board of Commissioners the matter of the insufficiency of the Clerk's office space; and again in March 1968, along with the Director of the Administrative Office of the Courts, Judge Falls met with the County Commissioners to discuss solutions to the problem of the insufficiency of the Clerk's office space.

At the May 1968 Session, Judge Falls entered the following order:

"To:  THE BOARD OF COUNTY COMMISSIONERS OF CALDWELL COUNTY.

"WHEREAS, this Court finds as a fact that the Grand Jury in and for Caldwell County has for several terms of Superior Court called attention to the Court that the office space is totally inadequate for the orderly and proper functions of said office. At the February session 1968 of Caldwell Criminal Court, the Grand Jury again returned a report setting forth that the office space was totally inadequate and that subsequent thereto this Presiding Judge called the Chairman of the Board of County Commissioners and the County Manager into open court and called this to their attention and suggested that this situation be remedied on or before the May session 1968 of Criminal Superior Court; that on or about March 28, 1968, Honorable Bert Montague, Administrative Officer of the Courts, together with this Presiding Judge and the Clerk of the Superior Court for Caldwell County, met informally with the County Commissioners about this matter, and it was tentatively agreed at that time and understood by this Court that the offices on the south side of the courthouse building first floor and east of the present Clerk of Superior Court's offices (a room occupied by some di-

vision of the Accounting Department) would be made available as additional space for the Clerk of Superior Court;

"That at the May 1968 Session of Caldwell Criminal Superior Court the Grand Jury again reported that nothing had been done with regard to the additional space for the Clerk of Superior Court; and the Chairman of the Board of County Commissioners and the County Manager appeared in open court and stated that architects were being consulted with the view to cutting a stairway to the basement in the present office of the Clerk of Superior Court to make available offices in the basement; that the same Grand Jury report indicated that the basement space underneath the Clerk of Superior Court's office was damp and wet due to leakage in the pipes and unless the basement were to be made dry, that arrangement the Court finds to be totally unsatisfactory and unacceptable.

"The court further finds as a fact that there are adequate facilities in the present courthouse building and that the County Commissioners have ignored previous Grand Jury recommendations and have ignored the Presiding Judge's suggestion that adequate facilities be provided for the Clerk of Superior Court and that G.S. 7A-302 requires the Counties and Municipalities to be responsible for physical facilities for the operation of the General Court of Justice.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Board of County Commissioners of Caldwell County be and they are hereby ordered and directed to provide adequate office space for the more orderly and efficient operation of the Clerk of Superior Court on or before July 1, 1968.

"This the 24th day of May, 1968.

"B. T. FALLS, JR.
"Judge Presiding"

The Order was personally served on Mr. E. M. Dudley, Chairman of the Board of County Commissioners of Caldwell County, on 29 May 1968. No appeal was taken from the entry of the foregoing Order.

At the August 1968 Session Judge Falls caused subpœnæs to be issued and served upon each member of the Board of County Commissioners, commanding them to appear and give evidence on behalf of the State. Each of the subpœnæs was exactly the same with the exception that the names in the caption and in the body of the subpœnæs carried the name of the commissioner upon which it was served. The subpœna served upon the chairman is illustrative.

"STATE OF NORTH CAROLINA        In The General Court
County of Caldwell                 of Justice SUPERIOR
                                    COURT DIVISION

STATE OF NORTH CAROLINA
            vs.
E. M. DUDLEY

"To the Sheriff or other lawful officer of Caldwell County — GREETING: YOU ARE COMMANDED to summon E. M. Dudley, Chairman Board of County Commissioners, Caldwell County personally to be and appear before the Judge of the Superior Court at Courthouse, Lenoir, N. C. on the 29th day of August 1968, at 9:30 o'clock A.M., to give evidence in the above entitled action on behalf of the State.

"Issued this 26 day of August, 1968.

                              "MARY HOOD THOMPSON
                              "Clerk Superior Court"

In response to the subpœnæs each of the commissioners, along with their county manager, their auditor, and their attorney, appeared before Judge Falls at the appointed time.

At the conclusion of the testimony and arguments Judge Falls entered an Order in which he concluded that the commissioners had failed to act in good faith and had refused to comply with the Order of 24 May 1968; and that their refusal to comply was contemptuous conduct. Judge Falls thereupon ordered that each of the commissioners be confined in the county jail for 48 hours. The commissioners appealed, assigning as error the entry of the 24 May 1968 Order, the lack of notice to show cause, the finding of contempt, and the entry of the order of confinement.

*Robert Morgan, Attorney General, by (Mrs.) Christine Y. Denson, Staff Attorney, for the State.*

*Wilson & Palmer, by Hugh M. Wilson, for contemnors-appellants.*

BROCK, J.

Without expressing any opinion of the regularity of the proceedings which led to the entry of the Order of 24 May 1968, we are confronted with the content of the Order itself. Although there was no appeal from the Order, by its terms the county commissioners are ordered and directed to provide *adequate* office space. The generality of the Order leaves much to be desired, and it is questionable whether

the Order is capable of full understanding. It may well be that Judge Falls and the commissioners reached some consensus of thought as to what would constitute *adequate* office space, but that does not appear anywhere in the record before us.

However, irrespective of the apparent vagueness of what is required by the Order, the subpoenæs in no way advised the commissioners that they were to appear and show cause why they should not be held in contempt for failure to supply *adequate* office space. The subpoenæs merely directed them to appear for the purpose of giving evidence on behalf of the State in what appeared from the subpoenæs to be a criminal prosecution against each of the commissioners; no such criminal actions were pending. The evidence shows that, based upon the subpoenæs, the commissioners appeared prepared only to offer evidence relative to their disbursements of the "facilities fees" (G.S. 7A-304(a)(2)) paid over to the county from court costs.

In view of the apparent vagueness of the order of 24 May 1968 and the lack of notice to show cause before entry of the Order appealed from, we reverse the adjudication of contempt and the Order for confinement. And we remand this cause to the Superior Court of Caldwell County for appropriate proceedings as may appear necessary.

Reversed.

BRITT and PARKER, JJ., concur.