MARLENE INGLE, PETITIONER v. GARRIE McDEAN INGLE,
RESPONDENT

No. 7319DC443

(Filed 13 June 1973)

1. **Contempt of Court § 5— indirect contempt — sufficiency of notice**
    Where defendant allegedly failed to comply with a prior court
    order directing him to make child support payments, his contempt,
    if any, would be indirect and G.S. 5-7 required that an order issue
    directing defendant to appear within a reasonable time and show
    cause why he should not be attached for contempt; therefore, defend-
    ant was not given sufficient notice of the purpose of the hearing
    which resulted in his incarceration for failure to make support
    payments where he was served only with a subpoena which ordered
    him to appear "to testify in the above entitled action."

2. **Contempt of Court § 6; Divorce and Alimony § 23— failure to comply
    with support order — findings required**
    An order committing defendant to prison until he complied with a
    child support order is vacated where the trial court failed to make
    findings that defendant's failure to comply was willful and that
    defendant possessed the means to comply.

ON *certiorari* from order of *Warren, Judge,* 28 September
1972 Civil Nonjury Session of CABARRUS District Court.

On 24 January 1973 this court granted respondent's peti-
tion for certiorari to review an order committing respondent to
prison for wilful failure to make support payments under a
previous court order.

This is an action under the Uniform Reciprocal Enforcement of Support Act (G.S. 52A-1, et seq.) to require respondent to contribute to the support of his wife and minor children. The action was initiated in Wisconsin, where the wife and children reside, and North Carolina, as the state in which respondent resides, is the responding state.

On 17 June 1970, pursuant to a petition from a Wisconsin Court, due notice to respondent, and a hearing, the Domestic Relations Court of Cabarrus County ordered respondent to pay $25.00 per week toward the support of his wife and children, payments to begin on 26 June 1970. On 19 September 1972 respondent was served with a subpoena commanding him to appear before the District Court of Cabarrus County (successor to the Domestic Relations Court of Cabarrus County) on 28 September 1972 "to testify" in this action.

In obedience to the subpoena, defendant appeared (without counsel) at a hearing in the district court at which time the court inquired why respondent had failed to make support payments in compliance with the prior court order. Respondent stated that he had had "child visitation problems." The court asked respondent if he owned a car to which respondent replied that he did. The court then asked what value the car had and respondent answered "$4,800.00." Making no further inquiry and hearing no sworn testimony from either respondent or petitioner, the court found as facts that defendant "willfully failed to pay support payments ordered" and that "he is more than $2,800.00 in arrears with the support payments." From an order that respondent "be confined in the common jail of Cabarrus County to be held until such time as his arrearage is current," respondent gave notice of appeal.

*Attorney General Robert Morgan by Miss Ann Reed, Associate Attorney, for the State.*

*Davis, Koontz & Horton by Clarence E. Horton, Jr., for respondent appellant.*

BRITT, Judge.

[1] The first question for our consideration is whether respondent was given sufficient notice of the purpose of the 28 September 1972 hearing. We hold that he was not. Prior to the hearing, respondent was served only with a subpoena which

ordered him to appear "to testify in the above entitled action." At the hearing, the court made an informal inquiry as to why respondent had failed to make support payments in compliance with a prior court order and then, in effect, adjudged him in contempt.

Failure to comply with a prior court order would amount to an act committed outside the presence of the court, at a distance from it, which tends to degrade the court or interrupts, prevents or impedes the administration of justice and would be classified an indirect contempt. *In re Edison,* 15 N.C. App. 354, 190 S.E. 2d 235 (1972). When the contempt is indirect, the procedure prescribed by G.S. 5-7 providing that an order issue directing an offender to appear within a reasonable time and show cause *why he should not be attached for contempt* must be followed. In the instant case respondent received no such notice.

[2] Respondent next assigns as error the court's failure to make findings of fact as to his present ability to comply with the previous court order and his ability to pay during the period of the alleged default. This assignment also has merit. An order, entered pursuant to a contempt hearing, which confines a person to jail until he complies with a support order must find not only that his failure to comply with the support order was willful but also that he presently possesses the means to comply with the order. *Mauney v. Mauney,* 268 N.C. 254, 150 S.E. 2d 391 (1966) ; *Upton v. Upton,* 14 N.C. App. 107, 187 S.E. 2d 387 (1972) ; *Cox v. Cox,* 10 N.C. App. 476, 179 S.E. 2d 194 (1971). In the case at bar the court made no such findings of fact.

For the reasons stated, the order appealed from is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

Remanded.

Judges MORRIS and PARKER concur.