SHEILA HUFF O'BRIANT v. HUBERT RONNIE O'BRIANT

No. 598A84

(Filed 7 May 1985)

**1. Contempt of Court § 1.1— civil and criminal contempt distinguished**

   Criminal contempt is applied in punishment of an act already accomplished which tends to interfere with the administration of justice; the punishment is to preserve the court's authority and to punish disobedience of its orders. Civil contempt is applied where the proceeding is to preserve the rights of private parties and to compel obedience to orders and decrees made for the benefit of such parties. G.S. 5A-15.

**2. Contempt of Court § 5.1— criminal contempt—insufficient notice**

   Plaintiff's failure to appear as ordered at two child custody hearings constituted criminal contempt, if contempt at all; however, she was not given sufficient notice under G.S. 5A-15 where show cause orders issued on 27 April and 14 May 1982 were not specific about which of plaintiff's acts constituted contempt, the record did not reveal that plaintiff received a copy of any show cause order for the 2 February 1983 hearing at which the final adjudication of contempt was rendered, the 1982 show cause orders did not provide adequate notice of the final adjudication nearly a year later, and the order compelling the parties to attend the 1983 custody trial referred only to all outstanding issues and motions. G.S. 5A-11 through 14.

   Justice VAUGHN did not participate in the consideration or decision of this case.

APPEAL by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of the Court of Appeals, 70 N.C. App. 360, 320 S.E. 2d 277 (1984), affirming in part and vacating in part the judgment entered by *LaBarre, J.,* at the 2 February 1983 Civil Session of District Court, Domestic Division, DURHAM County.

This action arose on 31 October 1980 when plaintiff Sheila Huff O'Briant filed a complaint requesting custody and support of a minor child, Ronald Luther O'Briant, born of her marriage to defendant Hubert Ronnie O'Briant. The trial court initially awarded custody to plaintiff and granted visitation rights to

defendant. For more than two years following the award of custody and child support, the parties filed a number of motions with regard to visitation, telephone privileges, custody, and support of the child. After numerous court hearings, most of which are not pertinent to the issue before us, the trial court conducted a full trial on the matter of custody on 24 February 1983 and awarded permanent custody to the defendant father and allowed limited vistation to the plaintiff mother. The trial court in its order additionally found plaintiff in contempt of court as follows:

4. The Plaintiff has willfully, wantonly, and without lawful excuse violated the lawful Orders of this Court and is in contempt of Court as follows:

A. The Plaintiff willfully violated this Court's Order of December 22, 1981, regarding visitations to be allowed to the Defendant.

B. The Plaintiff willfully failed to appear as Ordered at the February 25, 1982 hearing.

C. The Plaintiff willfully failed to appear as Ordered at the hearing set for March 12, 1982.

D. The Plaintiff willfully attempted to avoid and ignore and circumvent the lawful Orders of this Court by violating the provisions of Chapter 50 and 50(a) of the Uniformed [sic] Code by filing an action in the State of Virginia.

The trial court sentenced plaintiff to thirty days for each of the four contempt violations but stayed the sentence on condition that plaintiff adhere to the provisions set forth in the court's order.

The plaintiff appealed to the Court of Appeals. The Court of Appeals majority (Judge Hedrick with Chief Judge Vaughn concurring) affirmed in part the judgment of the trial court but vacated a portion of the trial court's order finding plaintiff in contempt for filing an action in Virginia. Judge Wells dissented from that portion of the majority opinion which affirmed adjudications of contempt for plaintiff's failure to appear at court hearings.

The remaining facts relevant to the issue presented by this appeal are included in the body of this opinion. For a more de-

tailed statement of the facts surrounding this case, see the Court of Appeals opinion at 70 N.C. App. 360, 320 S.E. 2d 277 (1984).

*Corvette & Hassell, P.A., by Robert A. Hassell, for plaintiff-appellant.*

*Arthur Vann for defendant-appellee.*

BRANCH, Chief Justice.

Plaintiff-appellant contends that the trial court committed error in finding her in contempt for her failure to attend hearings on 25 February 1982 and 12 March 1982 and in sentencing her accordingly. We are persuaded that plaintiff's contentions have merit and hold that proper notice was not given plaintiff as required by Chapter 5A of the General Statutes.

[1] At the outset we note that contempt in this jurisdiction may be of two kinds, civil or criminal, although we have stated that the demarcation between the two may be hazy at best. *Blue Jeans Corp. v. Amalgamated Clothing Workers of America*, 275 N.C. 503, 169 S.E. 2d 867 (1969). Criminal contempt is generally applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice. Civil contempt is a term applied where the proceeding is had to preserve the rights of private parties and to compel obedience to orders and decrees made for the benefit of such parties. *Id.; Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966).

A major factor in determining whether contempt is civil or criminal is the purpose for which the power is exercised. *Blue Jeans Corp. v. Amalgamated Clothing Workers of America*, 275 N.C. at 508-09, 169 S.E. 2d at 869. Where the punishment is to preserve the court's authority and to punish disobedience of its orders, it is criminal contempt. Where the purpose is to provide a remedy for an injured suitor and to coerce compliance with an order, the contempt is civil. *Id.* The importance in distinguishing between criminal and civil contempt lies in the difference in procedure, punishment, and right of review. *Luther v. Luther*, 234 N.C. 429, 67 S.E. 2d 345 (1951).

[2] Guided by these principles, we conclude that plaintiff's failure to appear at two court hearings, if contempt at all, constituted criminal contempt. It is clear that the purpose of the con-

tempt judgments was to punish plaintiff's disobedience of the court's orders rather than to provide a remedy for defendant. We also find that the contempt power was exercised to punish acts or omissions already accomplished which tended to interfere with the administration of justice: to wit, plaintiff's failure to attend two court hearings as ordered. In accord with our conclusion is N.C.G.S. § 5A-11 which provides that among others, the following is a ground for finding criminal contempt:

> (3) Willful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution.

N.C. Gen. Stat. § 5A-11(a)(3) (1981). *Compare* N.C. Gen. Stat. § 5A-21 defining civil contempt as the failure to comply with a court order as long as (1) the order remains in force; (2) the purpose of the order may still be served by compliance with it; and (3) the person to whom the order is directed is able to comply with it.

In determining whether the trial court in the case at hand properly adjudged plaintiff in contempt, we recognize that criminal contempts are crimes, and accordingly, the accused is entitled to the benefits of all constitutional safeguards. *North Carolina v. Carr*, 264 F. Supp. 75 (W.D.N.C.) *appeal dismissed*, 386 F. 2d 129 (4th Cir. 1967). The United States Supreme Court has held that in contempt actions where the defendant is not punished summarily or where the contemptuous act does not occur in the presence of the judge or legislative body, principles of due process require reasonable notice of a charge and opportunity to be heard in defense before punishment is imposed. *See Groppi v. Leslie*, 404 U.S. 496 (1972).

In determining what procedure is appropriate for finding an accused in contempt, our statutes require that a distinction be made between direct and indirect criminal contempt. Criminal contempt is direct when the act:

> (1) Is committed within the sight or hearing of a presiding judicial official; and

> (2) Is committed in, or in immediate proximity to, the room where proceedings are being held before the court; and

(3) Is likely to interrupt or interfere with matters then before the court.

N.C. Gen. Stat. § 5A-13 (1981).

Indirect contempt is defined as "[a]ny criminal contempt other than direct criminal contempt." N.C. Gen. Stat. § 5A-13(b).

Summary proceedings are appropriate for punishing direct contempt "when necessary to restore order or maintain the dignity and authority of the court and when the measures are imposed substantially contemporaneously with the contempt." N.C. Gen. Stat. § 5A-14(a). In cases where a court does not act immediately to punish acts constituting direct contempt or where the contempt is indirect, notice and a hearing is required. *See* N.C. Gen. Stat. § 5A-15 and N.C. Gen. Stat. § 5A-13(b).

Since the trial judge in the case at bar did not proceed summarily against plaintiff, we conclude, without deciding whether plaintiff's acts constituted direct or indirect contempt, that the provision requiring a plenary proceeding, N.C.G.S. § 5A-15, is the statute governing the appropriate procedure. That statute also sets forth the notice required in a *non-summary contempt proceeding*:

(a) When a judicial official chooses not to proceed summarily against a person charged with direct criminal contempt or when he may not proceed summarily, he may proceed by an order directing the person to appear before a judge at a reasonable time specified in the order and show cause why he should not be held in contempt of court. A copy of the order must be furnished to the person charged. If the criminal contempt is based upon acts before a judge which so involve him that his objectivity may reasonably be questioned, the order must be returned before a different judge.

N.C. Gen. Stat. § 5A-15.

To determine whether plaintiff had proper notice of the contempt proceedings in this case, we must review the facts pertinent to the trial court order of 20 April 1983 which found plaintiff in contempt for her failure to attend the two 1982 court hearings. In contempt proceedings, the trial judge's findings of fact are conclusive on appeal when supported by any competent evidence and

are reviewable only for the purpose of passing on their sufficiency. *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978). In reviewing the pertinent facts we rely in part upon the trial judge's findings of fact in his April 1983 order.

On 12 February 1982, after months of dispute with plaintiff over visitation, telephone calls and support, defendant Ronnie O'Briant filed a motion in the cause, seeking custody of the minor child, and requesting that plaintiff be found in contempt for her failure to obey prior court orders which allowed defendant unlimited and unmonitored telephone calls to his son. Defendant also requested that both parties be required to post bond to secure their performance of the court orders. In an order filed 12 February 1982 the court summarized defendant's motion and ordered plaintiff Sheila O'Briant to appear before the court on 25 February 1982 to show cause why custody should not be granted to defendant and why "[p]laintiff should not be held in contempt of the Orders of this Court."

The record includes certification by the sheriff of Tazewell County, Virginia that a copy of the order was personally served upon plaintiff on 17 February 1982.

On 24 February 1982 plaintiff's attorney made a motion to withdraw as her counsel, citing his inability to communicate effectively with her.

The findings of fact included in the trial court's 20 April 1983 judgment state that at the scheduled 25 February 1982 hearing, plaintiff's counsel of record appeared but that plaintiff was absent. Plaintiff's counsel offered "no excuse or justification for the Plaintiff's absence . . . other than that the Plaintiff was not cooperative in dealing with him." In its Finding No. 32 the trial court stated: "[d]ue to the Court's schedule on February 25, 1982, the Court Ordered this matter be continued until Friday, March 12, 1982." The court further directed defendant to prepare an order directing plaintiff to appear.

In an order filed 3 March 1982 the court noted plaintiff's absence from the 25 February hearing and her lack of excuse for her absence. The order continued:

> That the Court, in anticipation of the absent Plaintiff, Sheila Huff O'Briant, being present at a later hearing, con-

tinues this matter until Friday, March 12, 1982 at 9:30 A.M. at which time all matters set forth in the Motion of the Defendant will be heard and disposed of.

IT IS NOW, THEREFORE ORDERED that this matter be and is hereby continued until March 12, 1982 at 9:30 A.M. or as soon thereafter as the matter can be heard and that further the Plaintiff, Sheila Huff O'Briant, is to appear before this Court and show cause, if any there may be, as to why the Defendant, Hubert Ronnie O'Briant, should not have the custody of the minor child and why the Plaintiff should not be held in contempt of the Orders of this Court. . . .

The trial court's Finding No. 34 reveals that on 12 March 1982 plaintiff failed to appear. The finding further stated:

Plaintiff's counsel of record indicated to the Court that he was offered no excuse by the Plaintiff for her failure to appear nor did he offer any excuse to the Court. Due to the Court's caseload in Juvenile Court, the matter was unable to be heard and the Court directed Counsel to agree upon a third Court date for the Plaintiff to be present.

The record reveals that a third court date was set for 3 May 1982 and that an order directing plaintiff to appear on that date was filed 27 April 1982. The order stated that plaintiff had failed to appear on 12 March 1982, failed again to offer an excuse, and "[t]hat the Court believes that the Plaintiff is wilfully refusing to abide by the Orders" of the court. The order directed that plaintiff appear on 3 May 1982 and "show cause . . . as to why the Defendant . . . should not have the custody of the minor child and why the Plaintiff should not be held in contempt of the Orders of this Court. . . ."

The record contains a certificate of service showing service by mail of a copy of the order to plaintiff and her attorney.

In its Finding No. 36 the trial judge found plaintiff was again absent from court on 3 May and ordered that the hearing be continued until 4 May, at which time plaintiff again failed to appear. On 4 May plaintiff's attorney was permitted to withdraw as her counsel.

As a judgment filed 14 May 1982 reveals, the trial court at the 4 May 1982 hearing awarded temporary custody of the

O'Briant child to defendant. The court also found that plaintiff's actions in failing to appear in court were willful refusals to obey court orders. The court stated that there was cause to believe that plaintiff violated orders of the court by refusing to allow defendant phone calls to the child but that a determination whether that action constituted willful and gross contempt would be later determined. The court in its conclusions of law stated that plaintiff was in contempt of orders of the court. The trial court issued no order with regard to the contempt.

The record reveals that numerous motions and affidavits not relevant to the issue before us were filed in the months following the 14 May 1982 judgment. In the early part of 1983[1] the trial court ordered a full custody hearing at the earliest practicable time and stated that "this hearing shall be a trial on the merits upon all outstanding issues, and a hearing shall be held on all outstanding motions pending before this court prior to the actual trial of all issues."

A certificate of service by counsel for defendant appears in the record, certifying that a copy of the order was served on counsel for plaintiff. The custody trial began 2 February 1983 and continued through 15 February 1983.

Defendant-appellee argues that the show cause orders issued by the trial court in the early part of 1982 gave plaintiff adequate notice that she should be prepared to defend herself against charges of contempt as to her failure to attend hearings in February and March of 1982. We disagree.

The United States Supreme Court has recognized that even in instances of direct contempt where the trial court postpones announcing punishment for contemptuous behavior that has occurred in its presence during a trial, the contemnor "should have reasonable notice of the *specific charges* and opportunity to be

---

1. The date of the order appears in the record as follows: "3. This matter shall be retained for further orders of this Court. This the 25 day of ~~January,~~ February, 1983. s/ DAVID Q. LaBARRE, Judge Presiding."

Although the order appears to be dated 25 February 1983 the trial for which the order purported to give notice was completed on 15 February 1983. It is our conclusion that the trial court mistakenly struck the word January instead of February in its order. The parties do not contest that proper notice of the 2 February 1983 hearing was given.

heard in his own behalf." *Taylor v. Hayes*, 418 U.S. 488, 499 (1974) (emphasis added). In *Taylor* the contemnor was an attorney representing a defendant in a criminal trial. The attorney, Taylor, was informed throughout the trial that certain of his actions were contemptuous. The Supreme Court found that although Taylor was aware of the contempt charges throughout the trial, no final adjudication of the contempt occurred until after a verdict was returned, at which time Taylor was sentenced to four and one-half years imprisonment for the contempt. The Supreme Court found that the trial judge erred in failing at the time of the final adjudication to afford the attorney an opportunity to defend his actions.

In the instant case the record is unclear as to whether prior to the 2 February 1983 trial plaintiff was found in contempt for her failure to appear. Since the show cause orders issued to plaintiff in the spring of 1982 and the 14 May 1982 order were not specific about which of plaintiff's acts were deemed contemptuous, it is unclear whether the May 1982 finding of contempt referred only to plaintiff's failure to obey the court's orders regarding visitation and telephone privileges or also to her failure to appear in court. As in *Taylor*, however, it is clear that the final adjudication of contempt against plaintiff was rendered in the trial in February of 1983. For that adjudication, plaintiff was not afforded "reasonable notice of the specific charges" against her with regard to her failure to appear at the 1982 court hearings. *Taylor*, 418 U.S. at 499. In particular, the record does not reveal that plaintiff received a copy of any order directing her to appear at the 2 February 1983 hearing to "show cause why [she] should not be held in contempt of court" for failing to obey court orders directing her to appear at the hearings. N.C. Gen. Stat. § 5A-15.

Assuming, without deciding, that the show cause orders directing plaintiff to appear at the 12 March, 3 May, and 4 May 1982 hearings gave plaintiff notice that she should be prepared to defend herself against the charges of contempt at issue, they do not provide adequate notice of the final adjudication of contempt nearly a full year later.

We also reject appellee's argument that the order compelling the parties to attend the 1983 custody trial supplied adequate notice to plaintiff. That order stated that the hearing would be "a

O'Briant v. O'Briant

trial on the merits upon all outstanding issues" and "all outstanding motions pending" before the court. It is not at all clear that plaintiff's alleged contempt was an "outstanding issue" or part of an outstanding motion at the time of the January 1983 order. Even if the matter of contempt was an unresolved issue, we hold that the "notice" provided by the order failed adequately to apprise plaintiff that she should be prepared to defend herself against the charges. We find support for our conclusion from a Court of Appeals case, *In re Board of Commissioners*, 4 N.C. App. 626, 167 S.E. 2d 488 (1969). In that case a superior court judge entered an order on 29 May 1968 directing the Caldwell County Board of Commissioners to provide adequate office space for the clerk of Superior Court. In August 1968 each member of the Board was issued a subpoena commanding him or her to appear and give evidence on behalf of the State. The Board members appeared as ordered. At the conclusion of testimony and arguments, the judge found the Board members in contempt for their failure to obey the 24 May 1969 order. The Court of Appeals found the May order to be vague in its command that the commissioners provide *adequate* office space.

> However, irrespective of the apparent vagueness of what is required by the Order, the subpoenaes in no way advised the commissioners that they were to appear and show cause why they should not be held in contempt for failure to supply *adequate* office space.

4 N.C. App. at 630, 167 S.E. 2d at 491.

In view of the vagueness of the May order and the lack of notice to show cause, the Court of Appeals reversed the contempt adjudications. *See also Ingle v. Ingle*, 18 N.C. App. 455, 197 S.E. 2d 61 (1973) (inadequate notice where contemnor directed to appear "to testify" in District Court).

Similarly, we hold that the notice afforded plaintiff was inadequate to inform her that she should be prepared to defend herself for her failure to attend court hearings on charges of contempt in the February 1983 custody trial. Having found the notice to be inadequate, we find it unnecessary to determine whether there was sufficient evidence to support the contempt adjudications at issue. Therefore the decision of the Court of Appeals is reversed, and this case is remanded to that court with instruc-

tions that it further remand the case to the district court with order that the contempt judgments in question be vacated.

Reversed and remanded.

Justice VAUGHN did not participate in the consideration or decision of this case.