IN THE MATTER OF: LINDSAY ALEXANDER, DOB: 3/13/89 A MINOR CHILD

IN THE MATTER ROBYN ALEXANDER, DOB: 5/30/94 A MINOR CHILD

THE ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER v. DAVID ALEXANDER AND BRENDA ALEXANDER, RESPONDENTS

No. COA02-1073

(Filed 17 June 2003)

**Termination of Parental Rights— statutory notice require-ments—mandatory**

An order terminating parental rights was reversed and remanded where DSS did not give adequate notice to respond-ents or their counsel. Although DSS argued that the notice pro-vided through motions was sufficient and that there was no prej-udice, this issue is governed by the mandatory requirements of N.C.G.S. § 7B-1106.1 rather than constitutional principles of due process. Failure to comply with the statutory mandate in the word "shall" is reversible error.

Appeal by respondents from orders entered 21 March 2002 by Judge M. Patricia DeVine in Orange County District Court. Heard in the Court of Appeals 14 April 2003.

*Carol J. Holcomb and Samantha Hyatt Cabe, for petitioner-appellee.*

*Elizabeth A. Hansen and Janet K. Ledbetter, for respondents-appellants.*

CALABRIA, Judge.

David and Brenda Alexander (collectively "respondents") appeal from orders terminating their parental rights to Lindsay Alexander and Robyn Alexander (collectively "the minor children"). We reverse.

The termination of parental rights issue in this case arises approximately two years after the Orange County Department of

**IN RE ALEXANDER**

[158 N.C. App. 522 (2003)]

Social Services ("DSS") substantiated a report of neglect. On 11 December 2000, DSS obtained a non-secure custody order to remove the minor children from the home of respondents. Thereafter, DSS attempted to eliminate the need for placement of the minor children outside the home by creating a case plan to assist respondents in providing the minor children with appropriate care and safe living conditions. In October of 2001, conflicting reports as to the progress made by respondents were submitted to the trial court. On 4 October 2001 at the permanency planning hearing, the district court found the appropriate permanent plan for the minor children was to pursue adoption, and ordered DSS to cease reunification efforts and to file a petition seeking termination of the parental rights of each parent within sixty days.

On 7 November 2001, DSS filed termination of parental rights motions for each of the minor children as against each respondent in Orange County District Court. While the motions and certificates of service were served on respondents and their counsel, notice complying with the provisions of N.C. Gen. Stat. § 7B-1106.1 was not received. The court continued the case until 31 January 2002. Respondents received timely service of the motion and order to continue. On 31 January 2002, the court held a hearing on DSS' motion to terminate respondents' parental rights. Respondents' attorneys were present at the hearing and had contacted respondents the week before the hearing; however, respondents failed to attend. In orders entered on 21 March 2002, respondents' parental rights to the minor children were terminated. Respondents appeal.

The dispositive question presented in this appeal is whether DSS satisfied its statutory duty to prepare notice to respondents comporting with N.C. Gen. Stat. § 7B-1106.1 (2001). Since the record indicates respondents did not receive the requisite notice and since the provisions of N.C. Gen. Stat. § 7B-1106.1 concerning notice are mandatory, we remand this case for a new hearing.

In 1999, the North Carolina General Assembly restructured the juvenile code and enacted Chapter 7B of the North Carolina General Statutes. In 2000, the General Assembly added N.C. Gen. Stat. § 7B-1106.1, which provides in part that "[u]pon the filing of a motion [for termination of parental rights,] the movant shall prepare a notice directed to . . . (1) The parents of the juvenile." N.C. Gen. Stat. § 7B-1106.1(a) (2001). Subsection (b) states the notice to the parents "shall" contain the following:

(1) The name of the minor juvenile.

(2) Notice that a written response to the motion must be filed with the clerk within 30 days after service of the motion and notice, or the parent's rights may be terminated.

(3) Notice that any attorney appointed previously to represent the parent in the abuse, neglect, or dependency proceeding will continue to represent the parents unless otherwise ordered by the court.

(4) Notice that if the parent is indigent, the parent is entitled to appointed counsel and if the parent is not already represented by appointed counsel the parent may contact the clerk immediately to request counsel.

(5) Notice that the date, time, and place of hearing will be mailed by the moving party upon filing of the response or 30 days from the date of service if no response is filed.

(6) Notice of the purpose of the hearing and notice that the parents may attend the termination hearing.

The mandatory nature of the language employed in N.C. Gen. Stat. § 7B-1106.1 is underscored by N.C. Gen. Stat. § 7B-1102, which states, in relevant part, that the service of the motion for termination of parental rights "*and the notice required by G.S. 7B-1106.1 shall* be . . . in accordance with G.S. 1A-1, Rule 5(b) . . . ." N.C. Gen. Stat. § 7B-1102(b) (2001) (emphasis added).

The General Assembly, through the interlocking provisions of N.C. Gen. Stat. §§ 1A-1, Rule 5(b), 7B-1102, and 7B-1106.1, has enacted three mandates regarding the notice required to accompany a filing of a motion to terminate parental rights, including the provision that the notice "shall be served on the party against whom it is asserted or on the party's attorney of record." N.C. Gen. Stat. § 1A-1, Rule 5(b).

DSS concedes it failed to prepare notice to respondents or their counsel comporting with this statutory framework; however, DSS asserts (I) the notice provided in the motions and order continuing the review hearing and rescheduling the hearing for termination of parental rights was reasonably calculated to apprise respondents of the pending hearing and gave actual notice of the hearing and (II) the absence of the statutory requirements from the notice given resulted in no prejudice to respondents. We disagree.

First, DSS argues due process requires only that a governmental agency provide " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 795, 77 L. Ed. 2d 180, 185 (1983) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 873 (1950)). However, the level of notice in the instant case is not governed by the constitutional principles of due process. It is mandated by the statutory requirements as set forth in N.C. Gen. Stat. § 7B-1106.1. Accordingly, this argument is without merit.

Second, DSS argues that, despite their failure to include the notice requirements of N.C. Gen. Stat. § 7B-1106.1(b), respondents were not prejudiced by the lack of those requirements. Specifically, DSS contends the information in the motion to terminate parental rights along with the added information in the motion to continue included the following statutory elements of N.C. Gen. Stat. § 7B-1106.1(b): (1) the names of the minor juveniles satisfying subsection (b)(1); (2) the date of the hearing satisfying subsection (b)(5) in part; and (3) the purpose of the hearing satisfying subsection (b)(6) in part. DSS further contends the remaining notice requirements were unnecessary under the facts of this case.

The law regarding notice accompanying a motion to terminate parental rights is clear: (1) the notice "shall" be directed to the necessary parties, including the parents of the juvenile, (2) the notice "shall" include the required elements, and (3) the notice "shall" be served in accordance with N.C. Gen. Stat. § 1A-1, Rule 5(b). This Court has held the General Assembly's use of the word "shall" establishes a mandate, and failure to comply with the statutory mandate is reversible error. *In re Eades*, 143 N.C. App. 712, 713, 547 S.E.2d 146, 147 (2001).

The notice requirements at issue are part of a statutory framework intended to safeguard a parent's fundamental rights "to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66, 147 L. Ed. 2d 49, 57 (2000). "This parental liberty interest 'is perhaps the oldest of the fundamental liberty interests[.]' " *Owenby v. Young*, 357 N.C. 142, 144, —— S.E.2d ——, —— (2003) (quoting *Troxel*, 530 U.S. at 65, 147 L. Ed. 2d at 56)). The notice requirements in the enacted framework are neither unnecessary nor overly burdensome. DSS may satisfy the notice requirements

of N.C. Gen. Stat. § 7B-1106.1 by preparing and giving appropriate notice to the parents of the juvenile and their attorneys at the permanency placement hearing when the date is determined after the trial court orders the filing of a petition for the termination of parental rights. However, where a movant fails to give the required notice, prejudicial error exists, and a new hearing is required.

Reversed and remanded for a new hearing.

Chief Judge EAGLES and Judge HUNTER concur.