IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-309

No. COA20-390

Filed 6 July 2021

Watauga County, No. 18 CRS 299

STATE OF NORTH CAROLINA

v.

MARIBEL GONZALEZ, Defendant.

Appeal by Defendant from the Order entered 20 November 2019 by Judge Gregory Horne in Watauga County Superior Court. Heard in the Court of Appeals 23 February 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Allison Angell, for the State.*

*Mary McCullers Reece, for Defendant.*

GORE, Judge.

¶ 1    The trial court held Maribel Gonzalez ("Defendant") in criminal contempt for failure to appear and testify in accordance with subpoenas served on Defendant. Defendant argues the trial court erred by holding her in contempt based on an insufficient subpoena and by failing to make findings based on the statutorily required standard. We disagree.

I.    Background

¶ 2        On 18 May 2018, a deputy with the Watauga County Sheriff's Office served three subpoenas on Defendant, for herself and her two minor daughters, to be on telephone standby to testify in *State v. Merlos* during the Watauga County Superior Court session of 21 May through 25 May 2018. Prior to the personally served subpoenas, Defendant was served with subpoenas to appear for the same session of court on 9 May 2018 via the telephone. When a subpoena is served via the telephone, a member of the Sheriff's Office informs the individual they have been subpoenaed to appear and testify in court, the court date and time, and any additional information in the subpoena. The physical copy of the subpoena is then filed with the clerk of court.

¶ 3        Defendant did not appear or bring her daughters to testify in accordance with the subpoenas. In a conversation with Detective Jason Reid, of the Boone Police Department, in the week after she failed to appear to testify, Defendant admitted that she knew she had been required to appear and testify under the subpoena and intentionally did not appear. Defendant met with the Assistant District Attorney the day before the trial at which she was subpoenaed to testify and admitted she was aware she had to appear the following day under the subpoena. Further, Defendant told Detective Reid that she purposefully left her residence and turned off her cell phone so that neither she nor her children could be located during the time of the trial. An order to show cause was issued directing Defendant to appear and show

cause "why she should not be held in criminal contempt for failing to appear as directed by a subpoena that was personally served on her."

¶ 4 Defendant filed an objection to jurisdiction and motion to dismiss. Defendant argued that the subpoenas served on her included only the front page of AOC Form G-100 and therefore, without the back page, were insufficient to require her to appear.

¶ 5 Following a show cause hearing, the trial court found that Defendant acted in bad faith and took steps to willfully avoid being present or have her children present at the proceeding for which they were subpoenaed. The trial court held Defendant in criminal contempt and ordered that she be imprisoned for thirty days. Defendant appealed.

## II. Discussion

¶ 6 Defendant presents two issues on appeal. First, Defendant argues the trial court erred by holding her in criminal contempt based on a subpoena that lacked elements required by N.C. Gen. Stat. § 1A-1, Rule 45 and therefore was not "lawful process" subject to enforcement by the trial court. Second, Defendant contends the trial court erred by holding her in criminal contempt without making findings beyond a reasonable doubt, as required by N.C. Gen. Stat. § 5A-15(f). We disagree.

### A. Standard of Review

¶ 7 In reviewing contempt cases, findings of fact are binding on appeal if there is

competent evidence to support them. *State v. Salter*, 264 N.C. App. 724, 732, 826 S.E.2d 803, 809 (2019). The trial court's conclusions of law are reviewable *de novo.* *Id.* Whether a subpoena is valid is a question of law and is reviewable *de novo. State v. Black*, 232 N.C. 154, 157, 59 S.E.2d 621, 623 (1950).

### B.     Subpoena

¶ 8        In North Carolina service of a subpoena may be done by:

> [T]he sheriff, by the sheriff's deputy, by a coroner, or by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to that person . . . . Service of a subpoena for the attendance of a witness only may also be made by telephone communication with the person named therein only by a sheriff, the sheriff's designee who is not less than 18 years of age and is not a party, or a coroner.

N.C. Gen. Stat. § 1A-1, Rule 45(b)(1). In the present case, Defendant was initially properly served with a subpoena via the telephone by a member of the Watauga County Sheriff's Department. After being served with the initial telephone subpoena, Defendant was then personally served with a subpoena. This personally delivered subpoena only contained the contents found of the first page of AOC Form G-100.

¶ 9        Defendant argues that because the subpoena personally served on her contained only the first page, and the protections required by N.C. Gen. Stat. § 1A-1, Rule 45 were on the missing second page, the personally served subpoena was insufficient for the trial court to have jurisdiction to hold her in contempt for her

failure to appear. However, Defendant fails to consider the subpoena properly served via the telephone; because Defendant was properly served with a subpoena the trial court had jurisdiction to hold her in contempt.

¶ 10        The North Carolina Rules of Civil Procedure provide that "[e]very subpoena *shall* state" the requirements in subsections (a)–(d). N.C. Gen. Stat. § 1A-1, Rule 45(a)(1) (emphasis added). This Court has held that use of the language "shall" is a mandate to trial judges. *Orange Cnty. Dep't of Soc. Serv. v. Alexander*, 158 N.C. App. 522, 525, 581 S.E.2d 466, 468 (2003). As a result, all provisions of Rule 45(a)(1) need to be present for a personally served subpoena to be valid. Rule 45(a)(1) provides every subpoena shall state:

> (a) The title of the action, the name of the court in which the action is pending, the number of the civil action, and the name of the party at whose instance the witness is summoned.
> (b) A command to each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated records, books, papers, documents, electronically stored information, or tangible things in the possession, custody, or control of that person therein specified.
> (c) The protections of persons subject to subpoenas under subsection (c) of this rule.
> (d) The requirements for responses to subpoenas under subsection (d) of this rule.

N.C. Gen. Stat. § 1A-1, Rule 45(a)(1). Rule 45(c) contains protections of the subpoenaed individual and Rule 45(d) contains the requirements for a response to a

subpoena. Here, the trial judge found that only page one of AOC Form G-100 was personally delivered to the Defendant. Page one of AOC Form G-100 contains the material required by Rule 45(a)(1)(a)&(b) while the material required by Rule 45(a)(1)(c)&(d) is contained on page two of the Form. Therefore, the one-page subpoena personally delivered to Defendant did not meet the statutory requirements.

¶ 11        However, Defendant was also served, a subpoena, via telephone for the same court date, before being personally served. Service of a subpoena, to secure the attendance of a witness, via telephone is proper under Rule 45(b)(1). N.C. Gen. Stat. § 1A-1, Rule 45(b)(1). As a result, because Defendant was served with a valid subpoena via telephone, the trial court had proper jurisdiction to hold her in contempt, so long as the trial court followed the lawful process required to order contempt.

¶ 12        Defendant also argues that because the subpoena personally served upon her did not meet the statutory requirements, set out in N.C. Gen. Stat. § 1A-1, Rule 45(a)(1), the trial court exceeded the statutory mandate and therefore did not have jurisdiction to enforce the subpoena. This is a mischaracterization of the law. As discussed above, the trial court had proper jurisdiction to hold Defendant in contempt for violating the subpoena properly served via the telephone.

¶ 13        Rule 45 is not the only avenue available for the trial court to issue a contempt order–a trial court may also base its contempt order on N.C. Gen. Stat. § 5A-11. *See*

*First Mt. Vernon Indus. Loan Ass'n v. ProDev XXII, LLC*, 209 N.C. App. 126, 131, 703 S.E.2d 836, 839 (2011). Section 5A-11 provides that any "[w]illful disobedience of, resistance to, or interference with a court's lawful process, order, directive, or instruction or its execution" is criminal contempt. N.C. Gen. Stat. § 5A-11(a)(3). Section 5A-13 goes on to distinguish between direct and indirect criminal contempt. A contemptuous act that is committed within the sight or hearing of the court, committed in the immediate proximity of the court, or is likely to interrupt matters of the court is considered direct criminal contempt. N.C. Gen. Stat. § 5A-13(a). Any other act that is considered criminal contempt is indirect criminal contempt. N.C. Gen. Stat. § 5A-13(b). Indirect criminal contempt must be enforced through plenary proceedings. *Id.* Plenary proceedings for contempt require the trial court to first issue a show cause order and subsequently hold a show cause hearing. N.C. Gen. Stat. § 5A-15(a).

¶ 14        Principles of due process only require reasonable notice of a charge and an opportunity to be heard in defense before punishment for criminal contempt is imposed. *O'Briant v. O'Briant*, 313 N.C. 432, 435, 329 S.E.2d 370, 373 (1985). An order that states the alleged contemptuous conduct and orders the defendant to show cause why they should not be held in contempt provides sufficient notice to satisfy due process for indirect criminal contempt proceedings. *Id.* at 437, 329 S.E.2d at 374. This Court has consistently held that "a show cause order is sufficient to confer

jurisdiction on a trial court for finding a defendant in indirect criminal contempt where it incorporates by reference a prior court order that a defendant has failed to comply with." *State v. Revels*, 250 N.C. App. 754, 762, 796 S.E.2d 744, 750 (2016); *see also State v. Pierce*, 134 N.C. App. 148, 151, 516 S.E.2d 916, 919 (1999). "[T]here is no requirement that the judge make a finding of improper conduct upon the issuance of a *criminal* contempt citation." *Pierce*, 250 N.C. App. at 762, 796 S.E.2d at 750 (emphasis in original). Therefore, because the trial court was not required to make any findings of improper conduct before issuing a show cause order, the trial court would not be divested of jurisdiction to hold a show cause hearing to determine whether criminal contempt occurred especially for a subpoena validly served via telephone.

¶ 15 In the case *sub judice*, after Defendant failed to appear in accordance with the subpoena served upon her via the telephone, the trial court issued an order to show cause and subsequently held a show cause hearing, affording Defendant the opportunity to provide any defenses as to why she should not be found in contempt of court. These are clearly indirect criminal contempt proceedings in accordance with N.C. Gen. Stat. §§ 5A-11, 5A-13, and 5A-15. The show cause order stated, "Defendant is ordered to appear in front of this court . . . to show cause to this court as to why she should not be held in criminal contempt for failing to appear as directed by [] subpoena . . . ." This order satisfies the due process notice requirements set out in

*O'Briant*, 313 N.C. at 437, 329 S.E.2d at 374. Further, the trial court held a show cause hearing where Defendant was afforded an attorney and provided the opportunity to present a defense before the trial court found her in contempt of court.

¶ 16          Consequently, because the trial court entered a show cause order requiring defendant to appear in court and explain why she failed to appear in accordance with the subpoena served upon her, it was fully authorized to find her in criminal contempt of court. Defendant's argument that the trial court never gained jurisdiction over the criminal contempt proceedings should, as a result, be overruled.

## C.  Criminal Contempt

¶ 17          Defendant also argues that the trial court erred by holding her in criminal contempt without making findings beyond a reasonable doubt. North Carolina General Statutes § 5A-15(f) provides, "If the person is found to be in contempt, the judge must make findings of fact and enter judgment. The facts must be established beyond a reasonable doubt." A failure by the trial court to indicate that they applied the "beyond a reasonable doubt" standard in making its findings of fact "renders the contempt order fatally deficient." *State v. Phillips*, 230 N.C. App. 382, 386, 750 S.E.2d 43, 46 (2013). While a trial court in a plenary contempt proceeding is required to make findings beyond a reasonable doubt, it is sufficient for the trial court to "indicate" that it made such findings. *See State v. Ford*, 164 N.C. App. 566, 571, 596 S.E.2d 846, 850 (2004).

¶ 18    Here, Defendant argues the trial court did not make factual findings beyond a reasonable doubt because the trial court failed to check the box indicating the findings were beyond a reasonable doubt on the show cause order. However, the trial court did use the reasonable doubt standard when presenting its findings in open court. This is sufficient to "indicate" that the trial court applied the beyond a reasonable doubt standard. Further, Defendant makes no argument that she did not act willfully or that the trial court erred in its decision to hold her in contempt. Thus, we find that the trial court made no error.

## III.    Conclusion

¶ 19    For the foregoing reasons, we affirm the trial court's order of contempt.

AFFIRMED.

Judges ARROWOOD and CARPENTER concur.