IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-309

 No. COA20-390

 Filed 6 July 2021

 Watauga County, No. 18 CRS 299

 STATE OF NORTH CAROLINA

 v.

 MARIBEL GONZALEZ, Defendant.

 Appeal by Defendant from the Order entered 20 November 2019 by Judge

 Gregory Horne in Watauga County Superior Court. Heard in the Court of Appeals

 23 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Allison
 Angell, for the State.

 Mary McCullers Reece, for Defendant.

 GORE, Judge.

¶1 The trial court held Maribel Gonzalez (“Defendant”) in criminal contempt for

 failure to appear and testify in accordance with subpoenas served on Defendant.

 Defendant argues the trial court erred by holding her in contempt based on an

 insufficient subpoena and by failing to make findings based on the statutorily

 required standard. We disagree.

 I. Background
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

¶2 On 18 May 2018, a deputy with the Watauga County Sheriff’s Office served

 three subpoenas on Defendant, for herself and her two minor daughters, to be on

 telephone standby to testify in State v. Merlos during the Watauga County Superior

 Court session of 21 May through 25 May 2018. Prior to the personally served

 subpoenas, Defendant was served with subpoenas to appear for the same session of

 court on 9 May 2018 via the telephone. When a subpoena is served via the telephone,

 a member of the Sheriff’s Office informs the individual they have been subpoenaed to

 appear and testify in court, the court date and time, and any additional information

 in the subpoena. The physical copy of the subpoena is then filed with the clerk of

 court.

¶3 Defendant did not appear or bring her daughters to testify in accordance with

 the subpoenas. In a conversation with Detective Jason Reid, of the Boone Police

 Department, in the week after she failed to appear to testify, Defendant admitted

 that she knew she had been required to appear and testify under the subpoena and

 intentionally did not appear. Defendant met with the Assistant District Attorney the

 day before the trial at which she was subpoenaed to testify and admitted she was

 aware she had to appear the following day under the subpoena. Further, Defendant

 told Detective Reid that she purposefully left her residence and turned off her cell

 phone so that neither she nor her children could be located during the time of the

 trial. An order to show cause was issued directing Defendant to appear and show
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

 cause “why she should not be held in criminal contempt for failing to appear as

 directed by a subpoena that was personally served on her.”

¶4 Defendant filed an objection to jurisdiction and motion to dismiss. Defendant

 argued that the subpoenas served on her included only the front page of AOC Form

 G-100 and therefore, without the back page, were insufficient to require her to

 appear.

¶5 Following a show cause hearing, the trial court found that Defendant acted in

 bad faith and took steps to willfully avoid being present or have her children present

 at the proceeding for which they were subpoenaed. The trial court held Defendant in

 criminal contempt and ordered that she be imprisoned for thirty days. Defendant

 appealed.

 II. Discussion

¶6 Defendant presents two issues on appeal. First, Defendant argues the trial

 court erred by holding her in criminal contempt based on a subpoena that lacked

 elements required by N.C. Gen. Stat. § 1A-1, Rule 45 and therefore was not “lawful

 process” subject to enforcement by the trial court. Second, Defendant contends the

 trial court erred by holding her in criminal contempt without making findings beyond

 a reasonable doubt, as required by N.C. Gen. Stat. § 5A-15(f). We disagree.

 A. Standard of Review

¶7 In reviewing contempt cases, findings of fact are binding on appeal if there is
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

 competent evidence to support them. State v. Salter, 264 N.C. App. 724, 732, 826

 S.E.2d 803, 809 (2019). The trial court’s conclusions of law are reviewable de novo.

 Id. Whether a subpoena is valid is a question of law and is reviewable de novo. State

 v. Black, 232 N.C. 154, 157, 59 S.E.2d 621, 623 (1950).

 B. Subpoena

¶8 In North Carolina service of a subpoena may be done by:

 [T]he sheriff, by the sheriff’s deputy, by a coroner, or by any
 person who is not a party and is not less than 18 years of
 age. Service of a subpoena upon a person named therein
 shall be made by delivering a copy thereof to that person .
 . . . Service of a subpoena for the attendance of a witness
 only may also be made by telephone communication with
 the person named therein only by a sheriff, the sheriff’s
 designee who is not less than 18 years of age and is not a
 party, or a coroner.

 N.C. Gen. Stat. § 1A-1, Rule 45(b)(1). In the present case, Defendant was initially

 properly served with a subpoena via the telephone by a member of the Watauga

 County Sheriff’s Department. After being served with the initial telephone subpoena,

 Defendant was then personally served with a subpoena. This personally delivered

 subpoena only contained the contents found of the first page of AOC Form G-100.

¶9 Defendant argues that because the subpoena personally served on her

 contained only the first page, and the protections required by N.C. Gen. Stat. § 1A-1,

 Rule 45 were on the missing second page, the personally served subpoena was

 insufficient for the trial court to have jurisdiction to hold her in contempt for her
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

 failure to appear. However, Defendant fails to consider the subpoena properly served

 via the telephone; because Defendant was properly served with a subpoena the trial

 court had jurisdiction to hold her in contempt.

¶ 10 The North Carolina Rules of Civil Procedure provide that “[e]very subpoena

 shall state” the requirements in subsections (a)–(d). N.C. Gen. Stat. § 1A-1, Rule

 45(a)(1) (emphasis added). This Court has held that use of the language “shall” is a

 mandate to trial judges. Orange Cnty. Dep’t of Soc. Serv. v. Alexander, 158 N.C. App.

 522, 525, 581 S.E.2d 466, 468 (2003). As a result, all provisions of Rule 45(a)(1) need

 to be present for a personally served subpoena to be valid. Rule 45(a)(1) provides

 every subpoena shall state:

 (a) The title of the action, the name of the court in
 which the action is pending, the number of the
 civil action, and the name of the party at whose
 instance the witness is summoned.
 (b) A command to each person to whom it is directed
 to attend and give testimony or to produce and
 permit inspection and copying of designated
 records, books, papers, documents, electronically
 stored information, or tangible things in the
 possession, custody, or control of that person
 therein specified.
 (c) The protections of persons subject to subpoenas
 under subsection (c) of this rule.
 (d) The requirements for responses to subpoenas
 under subsection (d) of this rule.

 N.C. Gen. Stat. § 1A-1, Rule 45(a)(1). Rule 45(c) contains protections of the

 subpoenaed individual and Rule 45(d) contains the requirements for a response to a
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

 subpoena. Here, the trial judge found that only page one of AOC Form G-100 was

 personally delivered to the Defendant. Page one of AOC Form G-100 contains the

 material required by Rule 45(a)(1)(a)&(b) while the material required by Rule

 45(a)(1)(c)&(d) is contained on page two of the Form. Therefore, the one-page

 subpoena personally delivered to Defendant did not meet the statutory requirements.

¶ 11 However, Defendant was also served, a subpoena, via telephone for the same

 court date, before being personally served. Service of a subpoena, to secure the

 attendance of a witness, via telephone is proper under Rule 45(b)(1). N.C. Gen. Stat.

 § 1A-1, Rule 45(b)(1). As a result, because Defendant was served with a valid

 subpoena via telephone, the trial court had proper jurisdiction to hold her in

 contempt, so long as the trial court followed the lawful process required to order

 contempt.

¶ 12 Defendant also argues that because the subpoena personally served upon her

 did not meet the statutory requirements, set out in N.C. Gen. Stat. § 1A-1, Rule

 45(a)(1), the trial court exceeded the statutory mandate and therefore did not have

 jurisdiction to enforce the subpoena. This is a mischaracterization of the law. As

 discussed above, the trial court had proper jurisdiction to hold Defendant in contempt

 for violating the subpoena properly served via the telephone.

¶ 13 Rule 45 is not the only avenue available for the trial court to issue a contempt

 order–a trial court may also base its contempt order on N.C. Gen. Stat. § 5A-11. See
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

 First Mt. Vernon Indus. Loan Ass’n v. ProDev XXII, LLC, 209 N.C. App. 126, 131, 703

 S.E.2d 836, 839 (2011). Section 5A-11 provides that any “[w]illful disobedience of,

 resistance to, or interference with a court’s lawful process, order, directive, or

 instruction or its execution” is criminal contempt. N.C. Gen. Stat. § 5A-11(a)(3).

 Section 5A-13 goes on to distinguish between direct and indirect criminal contempt.

 A contemptuous act that is committed within the sight or hearing of the court,

 committed in the immediate proximity of the court, or is likely to interrupt matters

 of the court is considered direct criminal contempt. N.C. Gen. Stat. § 5A-13(a). Any

 other act that is considered criminal contempt is indirect criminal contempt. N.C.

 Gen. Stat. § 5A-13(b). Indirect criminal contempt must be enforced through plenary

 proceedings. Id. Plenary proceedings for contempt require the trial court to first issue

 a show cause order and subsequently hold a show cause hearing. N.C. Gen. Stat. §

 5A-15(a).

¶ 14 Principles of due process only require reasonable notice of a charge and an

 opportunity to be heard in defense before punishment for criminal contempt is

 imposed. O’Briant v. O’Briant, 313 N.C. 432, 435, 329 S.E.2d 370, 373 (1985). An

 order that states the alleged contemptuous conduct and orders the defendant to show

 cause why they should not be held in contempt provides sufficient notice to satisfy

 due process for indirect criminal contempt proceedings. Id. at 437, 329 S.E.2d at 374.

 This Court has consistently held that “a show cause order is sufficient to confer
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

 jurisdiction on a trial court for finding a defendant in indirect criminal contempt

 where it incorporates by reference a prior court order that a defendant has failed to

 comply with.” State v. Revels, 250 N.C. App. 754, 762, 796 S.E.2d 744, 750 (2016); see

 also State v. Pierce, 134 N.C. App. 148, 151, 516 S.E.2d 916, 919 (1999). “[T]here is

 no requirement that the judge make a finding of improper conduct upon the issuance

 of a criminal contempt citation.” Pierce, 250 N.C. App. at 762, 796 S.E.2d at 750

 (emphasis in original). Therefore, because the trial court was not required to make

 any findings of improper conduct before issuing a show cause order, the trial court

 would not be divested of jurisdiction to hold a show cause hearing to determine

 whether criminal contempt occurred especially for a subpoena validly served via

 telephone.

¶ 15 In the case sub judice, after Defendant failed to appear in accordance with the

 subpoena served upon her via the telephone, the trial court issued an order to show

 cause and subsequently held a show cause hearing, affording Defendant the

 opportunity to provide any defenses as to why she should not be found in contempt of

 court. These are clearly indirect criminal contempt proceedings in accordance with

 N.C. Gen. Stat. §§ 5A-11, 5A-13, and 5A-15. The show cause order stated, “Defendant

 is ordered to appear in front of this court . . . to show cause to this court as to why she

 should not be held in criminal contempt for failing to appear as directed by []

 subpoena . . . .” This order satisfies the due process notice requirements set out in
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

 O’Briant, 313 N.C. at 437, 329 S.E.2d at 374. Further, the trial court held a show

 cause hearing where Defendant was afforded an attorney and provided the

 opportunity to present a defense before the trial court found her in contempt of court.

¶ 16 Consequently, because the trial court entered a show cause order requiring

 defendant to appear in court and explain why she failed to appear in accordance with

 the subpoena served upon her, it was fully authorized to find her in criminal contempt

 of court. Defendant’s argument that the trial court never gained jurisdiction over the

 criminal contempt proceedings should, as a result, be overruled.

 C. Criminal Contempt

¶ 17 Defendant also argues that the trial court erred by holding her in criminal

 contempt without making findings beyond a reasonable doubt. North Carolina

 General Statutes § 5A-15(f) provides, “If the person is found to be in contempt, the

 judge must make findings of fact and enter judgment. The facts must be established

 beyond a reasonable doubt.” A failure by the trial court to indicate that they applied

 the “beyond a reasonable doubt” standard in making its findings of fact “renders the

 contempt order fatally deficient.” State v. Phillips, 230 N.C. App. 382, 386, 750 S.E.2d

 43, 46 (2013). While a trial court in a plenary contempt proceeding is required to

 make findings beyond a reasonable doubt, it is sufficient for the trial court to

 “indicate” that it made such findings. See State v. Ford, 164 N.C. App. 566, 571, 596

 S.E.2d 846, 850 (2004).
 STATE V. GONZALEZ

 2021-NCCOA-309

 Opinion of the Court

¶ 18 Here, Defendant argues the trial court did not make factual findings beyond a

 reasonable doubt because the trial court failed to check the box indicating the findings

 were beyond a reasonable doubt on the show cause order. However, the trial court did

 use the reasonable doubt standard when presenting its findings in open court. This

 is sufficient to “indicate” that the trial court applied the beyond a reasonable doubt

 standard. Further, Defendant makes no argument that she did not act willfully or

 that the trial court erred in its decision to hold her in contempt. Thus, we find that

 the trial court made no error.

 III. Conclusion

¶ 19 For the foregoing reasons, we affirm the trial court’s order of contempt.

 AFFIRMED.

 Judges ARROWOOD and CARPENTER concur.