REGINA SINCLAIR THOMPSON, Plaintiff v. CHADWICK O'BRIAN THOMPSON, Defendant

No. COA12-298

(Filed 20 November 2012)

**1. Appeal and Error Interlocutory orders—contempt order—postseparation support**

The appeal of a contempt order affected a substantial right and was therefore immediately appealable. However, the postseparation support order was a temporary measure, it was from an interlocutory order, it did not affect a substantial right, and thus it was not appealable.

**2. Contempt—civil—postseparation support—no findings of present ability to pay**

The trial court failed to make sufficient findings of fact and conclusions of law in its civil contempt order. The trial court

made a finding of fact regarding defendant's past ability to pay, but there were no findings regarding defendant's present ability to pay postseparation support.

Appeal by Defendant from orders entered 14 November 2011 and 18 January 2012 by Judge Scott Brewer in Stanly County District Court. Heard in the Court of Appeals 11 September 2012.

*No brief filed for Plaintiff-Appellee.*

*James A. Phillips, Jr., for Defendant-Appellant.*

BEASLEY, Judge.

Defendant appeals from an order requiring him to pay postseparation support (PSS) to Plaintiff and an order holding Defendant in contempt for failing to pay PSS. For the reasons stated herein, we reverse in part the trial court's contempt order and dismiss in part the appeal with regard to the PSS order.

Plaintiff is Regina Sinclair Thompson. Defendant is Chadwick O'Brian Thompson. The Thompsons were married on 15 April 1989. They separated on 21 February 2010. Three children were born of the marriage, and only one of the children is a minor. On 3 March 2011, Plaintiff filed a complaint for divorce, custody, child support, equitable distribution, PSS, alimony, and attorney's fees in Stanly County District Court. On 28 April 2011, Defendant answered and counterclaimed for custody and equitable distribution. Both Plaintiff's and Defendant's financial affidavits indicated that they have a mortgage on the marital home. Defendant filed a bankruptcy schedule of expenses and obligations owed to creditors in a supplemental pleading on 2 September 2011. The parties subsequently reached an agreement as to custody and support of the minor child.

On 18 October 2011, the trial court held a hearing on the matter of PSS. On 14 November 2011, the trial court entered an order awarding PSS to Plaintiff in the amount of $400 per month for twelve months or until the hearing on alimony. On 16 November 2011, Defendant filed his notice of appeal from the PSS order.

On 30 November 2011, Plaintiff filed a motion for an order to show cause for Defendant's failure to pay PSS. The motion was heard on 15 December 2011.[1] On 18 January 2012, the trial court held

---

1. Prior to the hearing, the trial court entered a decree of absolute divorce on 6 December 2011.

Defendant in contempt for willfully refusing to pay PSS under the 14 November 2011 order. The order failed to use the word "contempt" but ordered Defendant to serve thirty days in jail or pay Plaintiff $400 by the end of the day. The substance of the trial court's two findings of fact are as follows:

1. The Defendant has had the ability and means to pay the Post Separation Support previously ordered, or at least a substantial portion of that amount.

2. The Defendant has willfully refused to pay the Post Separation Support previously ordered.

The trial court made one conclusion of law: "The prior Post Separation Support Order is an interlocutory order and it is well settled law that it is not appealable since it did have an end date." Defendant filed his notice of appeal from the contempt order on 19 January 2012.

Defendant argues that the trial court's findings of fact and conclusion of law in the contempt order are insufficient. We agree. Defendant additionally argues that the trial court erred in numerous ways in granting PSS to Plaintiff. We hold that his appeal from the PSS order is interlocutory and dismiss all arguments regarding the PSS order.

[1] "The appeal of any contempt order . . . affects a substantial right and is therefore immediately appealable." *Guerrier v. Guerrier*, 155 N.C. App. 154, 158, 574 S.E.2d 69, 71 (2002)(citing *Willis v. Power Co.*, 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976)). We therefore have jurisdiction to hear the appeal from the contempt order under N.C. Gen. Stat. § 7A-27(d)(1) (2011).

By contrast, "a postseparation support order is a temporary measure, it is interlocutory, it does not affect a substantial right, and it is not appealable." *Rowe v. Rowe*, 131 N.C. App. 409, 411, 507 S.E.2d 317, 319 (1998). A temporary order in a domestic case remains interlocutory despite a subsequent order holding a party in contempt for violating the temporary order. *See File v. File*, 195 N.C. App. 562, 568-70, 673 S.E.2d 405, 410-11 (2009)(upholding contempt order for parent violating temporary custody order). The PSS order is reviewable once the trial court has entered an order awarding or denying alimony. *See Crocker v. Crocker*, 190 N.C. App. 165, 167-68, 660 S.E.2d 212, 214 (2008)(reviewing findings of facts in PSS order after alimony was awarded). We therefore dismiss the appeal as to the PSS order.

**[2]** "The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997). When the trial court fails to make sufficient findings of fact and conclusions of law in its contempt order, reversal is proper. *Bishop v. Bishop*, 90 N.C. App. 499, 506-07, 369 S.E.2d 106, 110 (1988).

Since the order before us is devoid of any mention of "contempt," we must first determine that this order is in fact a contempt order and, if it is a contempt order, the type of contempt applied.

> [C]ontempt in this jurisdiction may be of two kinds, civil or criminal, although we have stated that the demarcation between the two may be hazy at best. Criminal contempt is generally applied where the judgment is in punishment of an act already accomplished, tending to interfere with the administration of justice. Civil contempt is a term applied where the proceeding is had to preserve the rights of private parties and to compel obedience to orders and decrees made for the benefit of such parties.

*O'Briant v. O'Briant*, 313 N.C. 432, 434, 329 S.E.2d 370, 372 (1985) (internal citations omitted). This Court has previously defined civil contempt as "[f]ailure to comply with an order of a court." *Carter v. Hill*, 186 N.C. App. 464, 465, 650 S.E.2d 843, 844 (2007)(quoting N.C. Gen. Stat. § 5A-21 (2007)). The purpose for which the court exercises its contempt power is a significant factor in determining whether the contempt is civil or criminal. *O'Briant*, 313 N.C. at 434, 329 S.E.2d at 372. "Where the purpose is to provide a remedy for an injured suitor and to coerce compliance with an order, the contempt is civil." *Id.*

In this case, the trial court ordered Defendant to either pay Plaintiff $400 or serve thirty days in jail for willfully refusing to pay PSS to Plaintiff. The action here was for Defendant's failure to comply with the court's previous order. It is evident that the trial court was exercising its contempt power to "provide a remedy for an injured suitor and to coerce compliance with an order." *Id.* Therefore, this is a contempt order, and it is civil contempt.

In order to hold a party in civil contempt, the trial court must find the following:

(1)  The order remains in force;

(2)  The purpose of the order may still be served by compliance with the order;

(2a)  The noncompliance by the person to whom the order is directed is willful; and

(3)  The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A-21(a) (2011). A factual finding that the defendant "has had the ability to pay as ordered" supports the legal conclusion that violation of the order was willful; "however, standing alone, this finding of fact does not support the conclusion of law that defendant has the present ability to purge himself of the contempt by paying the arrearages." *McMiller v. McMiller*, 77 N.C. App. 808, 809, 336 S.E.2d 134, 135 (1985)(internal quotation marks omitted).

Here, the trial court utterly failed to make findings regarding subsections (1) and (2) of § 5A-21(a). Additionally, the trial court's "finding of fact" that "Defendant has had the ability and means to pay the Post Separation Support previously ordered, or at least a substantial portion of that amount" is insufficient. The trial court's finding of fact in this case is similar to the finding of fact in *McMiller*. The trial court in this case made a finding of fact regarding Defendant's *past* ability to pay. While the trial court's finding that Defendant "has had the ability to pay" PSS may support the legal conclusion that his failure to do so was willful which the trial court labeled a finding of fact rather than a conclusion of law there are no findings regarding Defendant's *present* ability to pay PSS. Further, while we appreciate the trial court's "conclusion of law" that the underlying PSS order is interlocutory, this is not a conclusion of law nor does it have any relevance to contempt.

In sum, we hold that the trial court's findings of fact and conclusion of law in the contempt order are insufficient; thus, we reverse in part the trial court's order. We dismiss in part Defendant's appeal from the PSS order as interlocutory.

Reversed in part; Dismissed in part.

Judges MCGEE and THIGPEN concur.