BRYANT, Judge.
Plaintiff Wayne Thomas Stamey appeals from an order holding him in civil contempt for failing to comply with an equitable distribution order and an order denying his Rule 59 motion for a new trial. Where the trial court failed to make sufficient findings of fact to support the civil contempt order, we reverse the civil contempt order.
Background
Plaintiff and defendant Elizabeth Porter Stamey were married on 19 July 1986 and separated on 18 August 2007. No children were born of the marriage. On 15 October 2007, plaintiff filed a complaint seeking divorce from bed and board, equitable distribution, and a declaratory judgment as to post-separation support and alimony. On 14 December 2007, defendant filed an answer and brought forth counterclaims seeking divorce from bed and board, post-separation support, alimony, attorney fees, and equitable distribution. Defendant also included a motion for interim distribution.
On 29 October 2009, the trial court entered an equitable distribution order. Pursuant to the equitable distribution order, plaintiff was required to assume and pay all debts and obligations related to any personal property awarded to him, including the parties' Tiara boat. A consent order modifying the equitable distribution order was entered 15 December 2009, and an amended consent order was entered 1 March 2010.
On 7 December 2016, defendant filed a motion to show cause, alleging that plaintiff had failed to comply with the 29 October 2009 equitable distribution order. Specifically, defendant alleged that plaintiff had "deliberately chosen" not to pay the debt encumbering the Tiara boat, resulting in the boat being repossessed and sold at auction for $200,000.00. The current balance of the debt on the Tiara boat was $465,875.00, and defendant was being sought by plaintiff's creditors to satisfy the outstanding debt. An order to show cause was entered 12 December 2016. On 18 April 2017, plaintiff filed a motion to dismiss and a response to defendant's 7 December 2016 motion to show cause.
Following a hearing held on 18 May 2017, the trial court entered an order on 12 June 2017, finding plaintiff to be in civil contempt. The trial court found as follows, in pertinent part:
1. An Equitable Distribution Order was entered on October 29, 2009 nunc pro tunc to June 1, 2009. The Equitable Distribution Order (hereinafter "Order") resolved by judicial [decree regarding] the issue of equitable distribution between the above titled parties.
2. On page 12 of the Order, [plaintiff] was required to assume and pay all debts and obligations related to any personal property awarded to him.
3. The Order was explicit that the parties' Tiara boat would be distributed to [plaintiff].
4. Plaintiff testified that he stopped making the payments on the Tiara Boat in 2012.
....
7. Plaintiff testified that the boat had been abandoned and repossessed.
8. Plaintiff admitted to making payments on other debts rather than the Tiara Boat after the entry of the [Order].
9. After the entry of the Order, Plaintiff purchased a boat, a car and a house in 2011, and paid cash for each asset.
10. After the Order, Plaintiff sold his car dealership that was distributed to him in equitable distribution.
....
14. The court does not find Plaintiff's testimony credible on the issue of how much he received from the sale of his car dealership or Plaintiff's claim that he does not have the financial ability to resolve the debt on the Tiara Boat, namely since he has purchased a new boat, a car and house and paid cash for each asset.
15. The [Order] entered on October 29, 2009, is still in full force and effect.
16. That Plaintiff's failure to resolve the debt on the boat was willful, that he has had the ability and obligation to sell the boat or pay it off.
17. Plaintiff's failure to take any responsible action was willful.
(emphasis added). The trial court ordered plaintiff to resolve the outstanding debt issue on the Tiara boat, remove the repossession of the Tiara boat from defendant's credit report, and/or release defendant from any and all liability for any deficiency in the debt from the Tiara boat. The matter was set for a thirty-day review hearing to evaluate plaintiff's compliance with the civil contempt order.
On 21 June 2017, plaintiff filed a motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. Following a hearing held on 1 November 2017, the trial court entered an order on 13 December 2017, denying plaintiff's Rule 59 motion. In its order, the trial court found as follows, in pertinent part:
4. The Court heard arguments of counsel for Plaintiff and Defendant and reviewed the transcript of the previous hearing held on June 12, 2017 and finds the Plaintiff's Motion for Rule 59 and its subparts are denied.
5. Specifically, pursuant to N.C.G.S. Rule 59(a)(3) and (a)(4), that all evidence was available to Plaintiff at all times and that Plaintiff had time and notice from the entry of the Order to Show Cause in December 2016 to the actual trial date in May 2017 to obtain and present evidence.
6. That pursuant to Plaintiff's Rule 59(a)(7) and (a)(8), the court cites that it was found that Plaintiff has the present ability to comply with the terms of the Equitable Distribution Order or take reasonable measures to comply by virtue of his recent purchases in 2016, including cash purchases of a boat, the sale of a home, and by having assets with which to satisfy the debt obligation set forth in the Equitable Distribution Order.
7. That the Court heard testimony ... during the review on contempt. The Court still finds Plaintiff in willful contempt[.]
(emphasis added). The trial court also set forth new purge conditions:
1. That the Plaintiff has until 5:00 p.m. on January 14, 2018 in which to cause to be removed from Defendant's credit report(s) any and all debt stemming from or related to a Tiara Boat[.]
2. If the debt is not removed or caused to be removed from existence and/or Defendant's credit report(s) on or before January 14, 2018, an Order for Arrest shall issue.
3. The Order for Arrest specifically indicates and authorizes all Judges or Magistrates so authorized to issue said order that Plaintiff ... shall be remanded to the New Hanover County Jail for a period of thirty (30) days, or until such time as he complies with the purge conditions set forth above. On 15 December 2017, plaintiff filed notice of appeal from the civil contempt order and from the order denying his Rule 59 motion.
Discussion
On appeal, plaintiff first contends that the trial court erred by holding plaintiff in civil contempt where the trial court failed to find he had the present ability to comply with the equitable distribution order. We agree.
Although the contempt order is interlocutory, this Court has held that "[t]he appeal of any contempt order ... affects a substantial right and is therefore immediately appealable." Guerrier v. Guerrier , 155 N.C. App. 154, 158, 574 S.E.2d 69, 71 (2002). We therefore have jurisdiction to hear the appeal from the civil contempt order under N.C. Gen. Stat. § 7A-27(b)(3)(a) (2017).
"The standard of review we follow in a contempt proceeding is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." Middleton v. Middleton , 159 N.C. App. 224, 226, 583 S.E.2d 48, 49 (2003) (internal quotation marks and citations omitted). "When the trial court fails to make sufficient findings of fact and conclusions of law in its contempt order, reversal is proper." Thompson v. Thompson , 223 N.C. App. 515, 518, 735 S.E.2d 214, 216 (2012).
N.C. Gen. Stat. § 5A-21(a) provides that:
(a) Failure to comply with an order of a court is a continuing civil contempt as long as:
(1) The order remains in force;
(2) The purpose of the order may still be served by compliance with the order;
(2a) The noncompliance by the person to whom the order is directed is willful; and
(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
N.C. Gen. Stat. § 5A-21(a) (2017).
In McMiller v. McMiller , 77 N.C. App. 808, 336 S.E.2d 134 (1985), this Court held that the trial court's findings of fact did not support the judgment of imprisonment for civil contempt where the trial court only made a finding related to the defendant's past ability to pay child support payments. Id . at 810, 336 S.E.2d at 136. This Court held that the trial court's finding that
[the] defendant "has had the ability to pay as ordered[ ]" ... justifies a conclusion of law that [the] defendant's violation of the support order was willful; however, standing alone, this finding of fact does not support the conclusion of law that [the] defendant has the present ability to purge himself of the contempt by paying the arrearages.
Id. at 809, 336 S.E.2d at 135 (internal citations omitted). The Court further provided that
[t]o justify conditioning [the] defendant's release from jail for civil contempt upon payment of a large lump sum of arrearages, the district court must find as fact that [the] defendant has the present ability to pay those arrearages. The majority of cases have held that to satisfy the "present ability" test [the] defendant must possess some amount of cash, or asset readily converted to cash.
Id.
Here, as in McMiller , the trial court failed to make the requisite findings for a holding of contempt. The trial court found as fact only that plaintiff "has had the ability" to pay off the Tiara boat. While this finding may support the legal conclusion that plaintiff's violation of the equitable distribution order was willful, it does not support the conclusion of law that plaintiff has the present ability to pay and purge himself from contempt. Accordingly, the trial court's findings of fact are insufficient to hold plaintiff in civil contempt, and we reverse the trial court's contempt order. See Thompson , 223 N.C. App. at 518, 735 S.E.2d at 216.
Plaintiff makes additional arguments that there was no competent evidence that he had the ability to comply with the civil contempt order, there was no evidence to support the trial court's finding of fact 6 in the 13 December 2017 order denying his Rule 59 motion, and the trial court erred in denying his Rule 59 motion because there was insufficient evidence to justify the court's ruling that he was in civil contempt. However, because we conclude that the trial court failed to make sufficient findings of fact to support the civil contempt order, we need not address these remaining issues.
REVERSED.
Report per Rule 30(e).
Judges TYSON and ARROWOOD concur.