IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-919

Filed 18 June 2025

Cumberland County, No. 20CVD001968-250

LAWANDA T. SESSOMS, Plaintiff,

v.

JOHN M. RAY, Defendant.

Appeal by defendant from order entered 22 July 2020 by Judge David H. Hasty in District Court, Cumberland County. Heard in the Court of Appeals 30 April 2024.

*Sandlin Law Firm, P.A., by Deborah Sandlin and Caroline J. Lonon, for plaintiff-appellee.*

*Harold Lee Boughman, Jr. for defendant-appellant.*

STROUD, Judge.

Defendant ("Husband") appeals from an order awarding Plaintiff ("Wife") postseparation support ("Postseparation Support Order"). Because the trial court's prior order granting involuntary dismissal of Wife's alimony claim for failure to prosecute did not provide that the dismissal was without prejudice, the dismissal was with prejudice under North Carolina Rule of Civil Procedure 41(b). Because the parties had already been divorced and Wife's prior claim for alimony was dismissed with prejudice, the trial court erred by denying Husband's motion to dismiss Wife's new claim for postseparation support under North Carolina Rule of Civil Procedure

12(b)(1) for lack of subject matter jurisdiction. We therefore vacate the Postseparation Support Order.

## I.    Background

Wife and Husband were married in September 2000 and separated in May 2017. Husband and Wife have two children together; one was born in 2003 and the other in 2005.

On 21 September 2017, Husband filed a complaint against Wife for child custody and child support in file number 17 CVD 7324. On 9 October 2017, Wife filed an answer and counterclaims. On 17 October 2017, Wife filed an amended answer and counterclaims for divorce from bed and board, child custody, child support, postseparation support, alimony, equitable distribution, and attorneys' fees. On 25 October 2017, Husband filed a reply to the amended answer.

On 24 September 2018, a judgment of absolute divorce was entered. The trial court severed Husband's claim for equitable distribution and Wife's claims for postseparation support, alimony, and equitable distribution to be heard at a later date.

Wife's claim for postseparation support was heard on 16 April 2019. The trial court entered an order on 27 January 2020 concluding that Wife was a dependent spouse and Husband was a supporting spouse. Husband was ordered to pay Wife postseparation support of $1,400.00 per month, beginning 1 March 2019, and continuing every month until further order of the trial court.

Wife's claim for alimony was set for hearing on 17 February 2020, and Wife did not appear for this hearing. On 16 March 2020, the trial court entered an order dismissing Wife's claim for alimony for "failure to prosecute" ("Order of Dismissal"). The Order of Dismissal in its entirety stated:

> THIS CAUSE coming on to be heard and being heard before the Honorable David H. Hasty, Judge presiding over the February 17, 2020 Session of Civil Court for Domestic Relations for the Twelfth Judicial District, Cumberland County, North Carolina, upon a hearing of [Wife]'s claim for Alimony; [Husband] was present in [c]ourt and was represented by Attorney Harold Lee Boughman, Jr. and [Wife] was not present in [c]ourt and was not represented by an attorney; and the [c]ourt, after hearing statements of counsel, finds that [Wife]'s claim for alimony should be dismissed for failure to prosecute.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
>
> 1. [Wife]'s claim for alimony is hereby dismissed.
>
> 2. This matter is retained for further Orders of the [c]ourt.

Husband's counsel served the Order of Dismissal on Wife on 16 March 2020. Wife did not appeal from the Order of Dismissal or seek modification of the Order of Dismissal.

Three days later, on 19 March 2020, Wife filed a new complaint including claims for alimony, postseparation support, and attorneys' fees in file number 20 CVD 1968. In this complaint, Wife made allegations regarding her entitlement to postseparation support and alimony and she also alleged:

> 9. [Wife] had a prior claim pending for alimony in 17 CVD 7324, which was dismissed for failure to prosecute on February 17, 2020 when [Wife] was ill and unable to be present. She is refiling those claims well within one year of that dismissal.

On 2 April 2020, Husband filed an answer and motion to dismiss Wife's claims for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted under North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(6). Husband contended the trial court did not have "subject matter jurisdiction" because the parties were "divorced on September 24, 2018" and "[w]hen the [c]ourt dismissed [Wife]'s claim for alimony based upon failure to prosecute, [Wife]'s claim for post separation is dismissed with prejudice pursuant to [North Carolina General Statute Section] 50-16.1A.(4)." He also moved to dismiss under North Carolina Rule of Civil Procedure 12(b)(6) based on "failure to state a claim upon which relief may be granted" because the trial court had dismissed Wife's alimony claim "based upon failure to prosecute" so "[Wife]'s claim for post separation is dismissed with prejudice pursuant to [North Carolina General Statute Section] 50-16.1A.(4)."

On 14 May 2020, the trial court heard both Husband's motion to dismiss Wife's complaint and Wife's claim for postseparation support. On 22 July 2020, the trial court entered the Postseparation Support Order finding that Wife's prior claims for postseparation support and alimony were "previously dismissed, without prejudice" and that Wife could refile her postseparation support claim. Husband's motion to dismiss was denied. Husband was ordered to pay Wife the sum of $1,300.00 per

month, beginning 1 May 2020, "until the death of either party, the remarriage or cohabitation of [Wife], or the entry of an order on the issue of permanent alimony, which ever first occurs."

On 29 June 2023, the trial court entered an order denying Wife's claim for alimony and dismissing her claim with prejudice. Wife's postseparation support was terminated. Husband appeals from the 22 July 2020 Postseparation Support Order.

## II. Appellate Jurisdiction

"Postseparation support is only intended to be temporary and ceases when an award of alimony is either allowed or denied by the trial court." *Rowe v. Rowe*, 131 N.C. App. 409, 411, 507 S.E.2d 317, 319 (1998). Thus, while the 22 July 2020 Postseparation Support Order was not a final order, it became appealable upon entry of the 29 June 2023 order which denied Wife's claim for alimony and dismissed her claim with prejudice. *See Thompson v. Thompson*, 223 N.C. App. 515, 517, 735 S.E.2d 214, 216 (2012) ("The [postseparation support] order is reviewable once the trial court has entered an order awarding or denying alimony." (citation omitted)). On 27 July 2023, Husband entered timely notice of appeal.

## III. Analysis

On appeal, Husband presents two issues: (1) whether the trial court erred in denying Husband's motion to dismiss for lack of subject matter jurisdiction because Wife's claim for postseparation support terminated pursuant to North Carolina General Statute Section 50-16.1A(4)(c) when the trial court previously dismissed

Wife's claim for alimony based on her failure to prosecute the claim pursuant to Rule 41(a)(2) of the North Carolina Rules of Civil Procedure; and (2) whether the trial court erred in denying Husband's motion to dismiss for failure to state a claim upon which relief may be granted because Wife's claim for postseparation support terminated pursuant to North Carolina General Statute Section 50-16.1A(4)(c) when her alimony claim was previously dismissed for her failure to prosecute the claim pursuant to Rule 41(a)(2).

Specifically, Husband argues that "[t]his case presents a conflict between a general statute of North Carolina Civil Procedure and a specific statute addressing post separation support in chapter 50 of the North Carolina General Statutes." Although North Carolina General Statute Section 50-16.2A addresses how a claim for postseparation support may be brought and what the trial court must consider in awarding postseparation support, North Carolina General Statute Section 50-16.1A(4), defines "Postseparation support." *See* N.C. Gen. Stat. § 50-16.2A (2023); *see also* N.C. Gen. Stat. § 50-16.1A(4) (2023). Husband's argument addresses the definition of postseparation support, which is:

> spousal support to be paid until the earlier of any of the following:
>
>> a. The date specified in the order for postseparation support.
>>
>> b. The entry of an order awarding or denying alimony.

c. The dismissal of the alimony claim.

d. The entry of a judgment of absolute divorce if no claim of alimony is pending at the time of entry of the judgment of absolute divorce.

e. Termination of postseparation support as provided in G.S. 50-16.9(b).

Postseparation support may be ordered in an action for divorce, whether absolute or from bed and board, for annulment, or for alimony without divorce. However, if postseparation support is ordered at the time of the entry of a judgment of absolute divorce, a claim for alimony must be pending at the time of the entry of the judgment of divorce.

N.C. Gen. Stat. § 50-16.1A(4).

Overall, Husband presents this case as primarily a question of statutory construction of Section 50-16.1A(4)(c) – "the dismissal of the alimony claim" – and determining whether this statute or Rule 41(a)(2) should apply to this situation. He argues we should determine that this situation is controlled only by Section 50-16.1A(4)(c) because it conflicts with Rule 41(a)(2).

Wife states the issue on appeal as whether a dismissal without prejudice of a party's alimony claim bars Wife from refiling her claim for postseparation support when she refiles her alimony claim. Wife contends Section 50-16.1A(4)(c) is ambiguous and we must consider the legislative history of our former statute regarding alimony *pendente lite* and our current statute regarding postseparation support to resolve this interpretative dilemma.

The parties' briefs are somewhat like the proverbial "two ships passing in the night," and for reasons we have been unable to ascertain from the record, neither has directly addressed the real issue in this case: the straightforward application of *Rule 41(b)*, not Rule 41(a)(2). Rule 41 of the North Carolina Rules of Civil Procedure addresses both voluntary and involuntary dismissals of claims. Rule 41(a)(2) addresses *voluntary* dismissals. Wife did not take a voluntary dismissal of her alimony claim. Here, the dismissal was an *involuntary* dismissal for failure to prosecute. Rule 41(b) provides as follows:

> (b) Involuntary dismissal; effect thereof.--*For failure of the plaintiff to prosecute* or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). *Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication upon the merits. If the court specifies that the dismissal of an action commenced within the time prescribed therefor, or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal.*

N.C. Gen. Stat. § 1A-1, Rule 41(b) (2023) (emphasis added).

Despite their arguments about Section 50-16.1A and Rule 41(a)(2), both parties have acknowledged that the trial court's Order of Dismissal *appears* to be an order for involuntary dismissal under Rule 41(b). Husband states:

> There is no dispute that [Wife]'s claim for alimony was dismissed for failure to prosecute on 16 March 2020 at the time when a post separation order entered on 27 January 2020 was in effect. [Wife]'s claim for post separation support was not dismissed but terminated due to the dismissal of [Wife]'s alimony claim. The [O]rder of [D]ismissal for failure to prosecute does not indicate whether the dismissal is "with" or "without" prejudice. Although the Order states the grounds for dismissal as a "failure to prosecute", it appears the dismissal was made pursuant to Rule 41(a)(2) which allows a party to refile a new action based on the same claim within one year of the dismissal.

Based upon his conclusion that it "appears" the dismissal was made under Rule 41(a)(2), Husband then proceeds with his arguments about the Postseparation Support Order based on this assumption. Despite the trial court's "finding" that the Order of Dismissal was without prejudice, the Order of Dismissal does not "appear" to be a dismissal without prejudice. It is clearly an order for involuntary dismissal under Rule 41(b) for failure to prosecute, which is a dismissal with prejudice since the Order of Dismissal does not state that it is "without prejudice." It is well-established that the trial court must *specifically* state if an order of dismissal under Rule 41(b) is "without prejudice." Otherwise, the dismissal is with prejudice. *See Johnson v. Bollinger*, 86 N.C. App. 1, 9, 356 S.E.2d 378, 383 (1987) ("Since the

dismissal order operates as an adjudication on the merits *unless the order specifically states to the contrary*, the party whose claim is being dismissed has the burden to convince the court that the party deserves a second chance; thus, the party should move the trial court that the dismissal be without prejudice." [*Whedon v.*] *Whedon*, 313 N.C. [200], 212-13, 328 S.E.2d [437], 444-45 [(1985)] (quoting W. Shuford, N.C.Civ.Prac. and Proc. Sec. 41-8)." (emphasis added)). Wife never moved that the trial court condition the terms of its dismissal. Absent such a motion as contemplated by the Supreme Court in *Whedon*, this record is devoid of any facts from which the trial court or this Court could determine why Wife should be given a chance to re-file her claim. Nor did Wife appeal the Order of Dismissal, so it is a binding order for purposes of this appeal.

Wife notes that the Postseparation Support Order on appeal states that Wife's "[c]omplaint made claims for postseparation support and alimony as this [c]ourt previously dismissed, *without prejudice*, those claims for lack of prosecution in file 17 CVD 7324." (Emphasis added.) Wife clearly has good reason not to dispute Husband's assumption regarding the "appearance" of the Order of Dismissal as being without prejudice, so she contends we must accept his assumption as correct because the same judge stated in the order on appeal that the Order of Dismissal was "without prejudice":

> Despite Husband's Motions to Dismiss on the basis that the
> alimony and postseparation support claims were dismissed
> with prejudice, *Judge Hasty, the same judge who dismissed*

> *the alimony claim for failure to prosecute, effectively amended his previous order dismissing the claim to clarify the dismissal was indeed without prejudice in the 17 July 2020 Postseparation Support Order. (*R pp 49-50*). The court in effect amended or clarified his order sua sponte as allowed in N.C. R. Civ. P. R. 60(a) when it determined its original dismissal of the alimony claim was without prejudice and [Wife] should be able to refile. The trial judge may correct any clerical mistakes arising from an oversight or omission on his own initiative. Id.* For argument's sake and given the fact the issue the dismissal without prejudice has not been raised, [Wife] proceeds under the assumption that everyone has accepted the judge's ruling on that issue. Judge Hasty found, consistent with [Wife]'s argument herein, that the dismissal of the alimony claim without prejudice, while terminating [Husband]'s obligation to pay under the previous postseparation support order, did not terminate [Wife]'s right to refile her claims within one year of the dismissal without prejudice. (R p 50).

(Emphasis added.)

But even if we assume that the trial court intended the Order of Dismissal to be without prejudice, as Wife suggests, the Postseparation Support Order does not indicate that the trial court was "amending" the Order of Dismissal, either *sua sponte* or otherwise, nor did Wife request any such amendment. Wife does not cite any authority to support her contention that under Rule 60 the trial court has the authority to *sua sponte* amend an assumed "clerical error" in the Order of Dismissal without entering an order noting this correction or even mentioning it on the record.[1] *See Hinson v. Hinson*, 78 N.C. App. 613, 615, 337 S.E.2d 663, 664 (1985) ("The court's

---

[1] No transcripts of any hearing were provided for this appeal.

authority under Rule 60(a) is limited to the correction of clerical errors or omissions. Courts do not have the power under Rule 60(a) to affect the substantive rights of the parties or correct substantive errors in their decisions. We have repeatedly rejected attempts to change the substantive provisions of judgments under the guise of clerical error." (citations omitted)).  Omitting the provision that the dismissal was "without prejudice," even if done by mistake, is not a mere clerical error, and this assumed unwritten "correction" of the Order of Dismissal would have a substantive effect since it would "alter[ ] the effect of the original order." *Angarita v. Edwards*, 278 N.C. App. 621, 630, 863 S.E.2d 796, 803 (2021).  Wife did not appeal the Order of Dismissal, so even if that Order is erroneous in some way, it is not subject to collateral attack in this appeal.  *See Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 676, 360 S.E.2d 772, 777 (1987) ("An erroneous order is one rendered according to the course and practice of the court, but contrary to law, or upon a mistaken view of the law, or upon an erroneous application of legal principles. An erroneous order may be remedied by appeal; it may not be attacked collaterally." (citations and quotation marks omitted)).

We also appreciate Wife's contention that Husband's brief has failed to argue directly that the Order of Dismissal was actually with prejudice under Rule 41(b), and in most cases, if an appellant fails to make an argument, we need not address it. But unfortunately for Wife, in this case the issue is the subject matter jurisdiction of the trial court to order postseparation support after her claim for alimony had been dismissed with prejudice.  This Court has an obligation to address a lack of subject

matter jurisdiction, even *ex mero motu*, if neither party raises the issue. *See 4U Homes & Sales, Inc. v. McCoy*, 235 N.C. App. 427, 432, 762 S.E.2d 308, 312 (2014) ("A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." (citation omitted)). Put another way, "[s]ubject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act." *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006). In addition, "subject matter jurisdiction may not be waived, and this Court has not only the power, but the duty to address the trial court's subject matter jurisdiction on its own motion or *ex mero motu*." *Rinna v. Steven B.*, 201 N.C. App. 532, 537, 687 S.E.2d 496, 500 (2009) (citation omitted). And although we would be required to address subject matter jurisdiction even if Husband had not raised it, here, Husband's motion to dismiss under Rules 12(b)(1) and 12(b)(6) alleged the claims should be dismissed for lack of subject matter jurisdiction.

This Court cannot address a case based upon assumptions of the parties or claims about what may "appear" to be, particularly where the trial court's Order of Dismissal was clear and unambiguous. We are required to rely upon the trial court's Order of Dismissal as it is, not as the parties have treated it in their briefs or as the trial court treated it in the Postseparation Support Order. In the Postseparation Support Order on appeal, the trial court made the following findings regarding Husband's motion to dismiss for lack of subject matter jurisdiction:

6. This action for postseparation support and alimony was filed by [Wife] on March 19, 2020. [Husband] was served with process and filed responsive pleadings. This matter is before the [c]ourt upon . . . [Wife]'s issue of postseparation support and . . . [Husband]'s Motion to Dismiss.

7. . . . [Wife]'s Complaint made claims for postseparation support and alimony as this [c]ourt previously dismissed, *without prejudice,* those claims for lack of prosecution in file 17 CVD 7324.

8. In File #17 CVD 7324 [Husband] was ordered to pay postseparation support to . . . [Wife] in the amount of $1400.00 but terminated when the court dismissed . . . [Wife]'s alimony claim on March 12, 2020.

9. [Husband] alleges that . . . [Wife]'s claim for postseparation support should be dismissed as postseparation support terminates when alimony is dismissed and cannot be refiled.

10. [Wife] alleges that postseparation support is ancillary to alimony and the dismissal terminates any obligation under an Order for Postseparation Support but, like alimony, can be refiled and is not barred from being refiled within one year of being involuntarily dismissed.

11. The [c]ourt determines that the issue of postseparation support can be refiled and [Husband]'s Motion to Dismiss should be denied.

(Emphasis added.)

The Postseparation Support Order has no labeled conclusion of law addressing the motion to dismiss but the trial court "determined" in the findings of fact that the Order of Dismissal did not bar Wife from refiling her claim within one year. But despite the label of "findings," the trial court's statements in findings numbers 7 and 11 are conclusions of law, not findings of fact. "Whether a statement is an ultimate

fact or a conclusion of law depends upon whether it is reached by natural reasoning or by an application of fixed rules of law." *Woodard v. Mordecai*, 234 N.C. 463, 472, 67 S.E.2d 639, 645 (1951) (citations omitted). These "findings" are legal conclusions about the effect of the Order of Dismissal on Wife's refiled claim based upon "fixed rules of law," including North Carolina General Statute Section 50-16.1A(4) and Rule 41(b). Despite the trial court's labels of these statements as findings of fact, these are conclusions of law, and we must review conclusions of law *de novo*:

> Appellate review of the trial court's conclusions of law is de novo. [*Browning v. Helff*, 136 N.C. App. 420, 423, 524 S.E.2d 95, 98 (2000)]. "The labels 'findings of fact' and 'conclusions of law' employed by the lower tribunal in a written order do not determine the nature of our standard of review. If the lower tribunal labels as a finding of fact what is in substance a conclusion of law, we review that 'finding' as a conclusion de novo." *In re Estate of Sharpe*, 258 N.C. App. 601, 605, 814 S.E.2d 595, 598 (2018) (citing *Peters v. Pennington*, 210 N.C. App. 1, 15, 707 S.E.2d 724, 735 (2011)).

*Knuckles v. Simpson*, 293 N.C. App. 260, 264-65, 900 S.E.2d 336, 340 (2024).

The effect of the Order of Dismissal is controlled by both North Carolina General Statute Section 50-16.1A(4) and by Rule 41(b). Under Rule 41(b), the Order of Dismissal states that Wife's alimony claim was dismissed for failure to prosecute and it does not state that the dismissal is without prejudice. In 1985, our Supreme Court addressed some then-recent revisions to Rule 41 and the trial court's discretion under Rule 41(b) to grant involuntary dismissal either with or without prejudice:

> One of the more far-reaching changes in North

Carolina civil trial practice effected by the rules is found in the method for testing the sufficiency of evidence. Rule 41(b) deals with an involuntary dismissal in an action tried by the court without a jury, while Rule 50 covers the motion for a directed verdict in a jury trial. Perhaps the most significant change lies in the fact that a dismissal for insufficiency operates as an adjudication on the merits unless the court specifies otherwise. Under previous law, a compulsory nonsuit allowed the plaintiff to have an automatic second chance on his claim. Too often this right resulted in the unnecessary crowding of court dockets and harassing of defendants with claims that did not deserve a second chance. Rule 41(b) allows the court to dispose of such a claim in final fashion, while at the same time protecting those parties who can demonstrate that they should be afforded another opportunity to produce sufficient evidence.

W. Shuford, N.C. Civil Practice and Procedure, § 41.3.

The same writer offers these further observations on the effect of an involuntary dismissal under Rule 41(b):

> *The major exception to the general proposition that an involuntary dismissal operates as a final adjudication is found in the power lodged by Rule 41(b) in the trial judge to specifically order that the dismissal is without prejudice and, therefore, not an adjudication on the merits. Unless the order dismissing the action states specifically to the contrary, the dismissal under Rule 41(b) does constitute an adjudication on the merits*[.]

*Id.* at § 41-8.

*Whedon*, 313 N.C. at 212, 328 S.E.2d at 444 (some emphasis added) (some emphasis omitted).

The Order of Dismissal simply cannot be construed as "without prejudice," and the trial court erred by its tacit conclusion that the prior dismissal was without

prejudice. The Order of Dismissal does not specifically state that it is "without prejudice" nor does it specify "that a new action based on the same claim may be commenced within one year or less after such dismissal." N.C. Gen. Stat. § 1A-1, Rule 41(b). And although both parties recognized in their briefs that the language of the Order of Dismissal did "appear" to be an involuntary dismissal under Rule 41(b) because it does not state it is "without prejudice," Husband has not argued that there is any language in the Order of Dismissal which may render it unclear or ambiguous but seems to rely entirely on the trial court's finding in the Postseparation Support Order that the prior Order of Dismissal was without prejudice. Although we recognize the possibility that an order of dismissal might somehow be worded in a way to convey the same meaning as "without prejudice" without necessarily using the exact words "without prejudice," here, the Order of Dismissal simply does not include any such language.

The only additional language in the decree of the Order of Dismissal beyond dismissing the alimony claim is this oft-used phrase: "This matter is retained for further Orders of the [c]ourt." No case addresses what this phrase actually means. In most instances, it at least implies that there may be other claims or motions still pending in the case and the trial court anticipates ruling on those matters later, if

needed, *in the same proceeding*.[2]  Here, it appears there were still some existing claims in file number 17 CVD 7324 after the dismissal of the alimony claim, since there were claims for child custody and child support in the same case and the youngest child did not attain the age of 18 until August 2023.  But whatever the intent of the sentence in the Order of Dismissal, use of these words in the Order does not change the effect of the Order under Rule 41(b).  Wife's alimony claim in the prior case, file number 17 CVD 7324, was in fact dismissed with prejudice by the Order of Dismissal.  Her alimony claim had been dismissed even if the child custody and child support claims still existed, and there was nothing for the trial court to "retain" as to the alimony claim for later orders.  Wife recognized the effect of the Order of Dismissal, as indicated by her allegation in her complaint that her "prior claim" for "alimony in 17 CVD 7324" was "dismissed for failure to prosecute on February 17, 2020 when [Wife] was ill and unable to be present."  For this reason, Wife filed her new complaint for alimony and postseparation support and issued a new summons in file number 20 CVD 1968 to attempt to assert new claims for alimony and postseparation support against Husband.  We cannot interpret the phrase "[t]his matter is retained for further Orders of the [c]ourt" as meaning that the dismissal

---

[2] Our interpretation of this sentence as *not* indicating a dismissal "without prejudice" is also supported by the trial court's other orders in this case, file number 20 CVD 1968.  For example, the trial court's last order entered on 29 June 2023, which explicitly dismissed Wife's alimony claim "with prejudice" and terminated her postseparation support also included the same phrase, "This matter is retained for further Order of the [c]ourt."

was without prejudice, especially where Rule 41(b) clearly requires the order to *specifically* state that the dismissal is "without prejudice" or that "it may also *specify* in its order that a new action based on the same claim may be commenced within one year or less after such dismissal." N.C. Gen. Stat. § 1A-1, Rule 41(b) (emphasis added).

## IV. Conclusion

The trial court erred by denying Husband's motion to dismiss Wife's postseparation claim because the prior Order of Dismissal was with prejudice under Rule 41(b), and the trial court did not have subject matter jurisdiction to rule on Wife's new postseparation support claim. The 22 July 2020 Postseparation Support Order is therefore vacated.

VACATED.

Judges COLLINS and WOOD concur.